THE STATE EX REL. KEENAN, APPELLANT, *v.* CALABRESE, JUDGE, APPELLEE.

[Cite as *State ex rel. Keenan v. Calabrese* (1994), 69 Ohio St.3d 176.]

(No. 94–231—Submitted March 23, 1994—Decided March 25, 1994.)

*Paul Mancino, Jr.* and *John Higgins,* for appellant.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *L. Christopher Frey,* Assistant Prosecuting Attorney, for appellee.

---

*Per Curiam.* Appellant asserts in his first proposition of law that an order of a trial court in a criminal case disqualifying counsel who had been hired by a criminal defendant is subject to mandamus and/or prohibition since any appeal after judgment and sentence is not an adequate legal remedy. The court of appeals determined that appellant possessed an adequate remedy at law through appeal which precluded both prohibition and mandamus relief. In so holding, the court of appeals opined that the granting of the motion to disqualify counsel constituted a final appealable order. Nevertheless, a different panel of the same court of appeals dismissed appellant's direct appeal from the disqualification order on the basis that it was not a final appealable order. *State v. Keenan* (Jan. 14, 1994), Cuyahoga App. No. 66264, unreported, 1994 WL 24257.

In order for a writ of mandamus to issue, a relator must demonstrate that: (1) relator has a clear legal right to the relief prayed for, (2) respondent is under a corresponding legal duty to perform the requested act, and (3) relator has no

plain and adequate legal remedy. *State ex rel. Glass, Molders, Pottery, Plastics & Allied Workers Internatl. Union, Local 333, AFL–CIO, CLC v. State Emp. Relations Bd.* (1993), 66 Ohio St.3d 157, 158, 609 N.E.2d 1266, 1267. In order to obtain a writ of prohibition, relator must prove: (1) that the court or officer against whom the writ is sought is about to exercise judicial or quasi-judicial power, (2) that the exercise of that power is unauthorized by law, and (3) that denying a writ will result in injury for which no other adequate remedy exists in the ordinary course of law. *State ex rel. Ruessman v. Flanagan* (1992), 65 Ohio St.3d 464, 465, 605 N.E.2d 31, 33.

While neither mandamus nor prohibition may be employed as a substitute for appeal from an interlocutory order, an appeal is inadequate if not complete in its nature, beneficial and speedy. See, *e.g., State ex rel. Horwitz v. Cuyahoga Cty. Court of Common Pleas, Probate Div.* (1992), 65 Ohio St.3d 323, 328, 603 N.E.2d 1005, 1009, citing, *inter alia, State ex rel. Daggett v. Gessaman* (1973), 34 Ohio St.2d 55, 63 O.O.2d 88, 295 N.E.2d 659, paragraph three of the syllabus, and *State ex rel. Liberty Mills, Inc. v. Locker* (1986), 22 Ohio St.3d 102, 104, 22 OBR 136, 137, 488 N.E.2d 883, 885–886.

In initially considering whether an order granting a motion to disqualify counsel in a criminal case constitutes an interlocutory order, we have previously held that the granting of a motion to disqualify counsel in a civil action is a final appealable order pursuant to R.C. 2505.02. *Russell v. Mercy Hosp.* (1984), 15 Ohio St.3d 37, 15 OBR 136, 472 N.E.2d 695, syllabus. *Russell* applied the balancing test set forth in *Amato v. Gen. Motors Corp.* (1981), 67 Ohio St.2d 253, 21 O.O.3d 158, 423 N.E.2d 452, to determine if the order was made in a special proceeding. This court emphasized in *Russell* that an order disqualifying counsel in a civil case could not be effectively reviewed after final judgment. 15 Ohio St.3d at 39–40, 15 OBR at 138, 472 N.E.2d at 697. In a subsequent case, this court stated in dictum that "it would appear that the legitimate interest implicated, *i.e.,* the right to counsel of one's choice, would compel a similar standard in a criminal context." *State v. Murphy* (1990), 49 Ohio St.3d 293, 294, 551 N.E.2d 1292, 1294, fn. 1.

However, in *Polikoff v. Adam* (1993), 67 Ohio St.3d 100, 616 N.E.2d 213, syllabus, we overruled *Amato* and held that orders that are entered in actions that are recognized at common law or in equity and were not specially created by statute are not orders entered in special proceedings pursuant to R.C. 2505.02. Pursuant to *Polikoff,* it is apparent that the pretrial order granting a disqualification motion in a criminal case is not a final appealable order. But, cf., *Stevens v. Grandview Hosp. & Med. Ctr.* (Oct. 20, 1993), Montgomery App. No. 14042, unreported, 1993 WL 420127 (despite *Polikoff, Russell* remains valid).

In that an immediate appeal from the order disqualifying appellant's counsel of choice is not available, the court must determine whether an appeal following a judgment of conviction and sentence is an adequate remedy so as to preclude the requested extraordinary relief. We have recently held that while a decision of a trial court denying a motion to dismiss on the ground of double jeopardy is not a final appealable order, relief through any extraordinary writ is also precluded since an appeal at the conclusion of the trial court proceedings is an adequate remedy in the ordinary course of law. *Wenzel v. Enright* (1993), 68 Ohio St.3d 63, 66, 623 N.E.2d 69, 71–72. Similarly, appeal is an adequate remedy here. An appeal following conviction and sentence would be neither impractical nor ineffective since any error in granting the motion would, in certain circumstances, be presumptively prejudicial. *Flanagan v. United States* (1984), 465 U.S. 259, 268, 104 S.Ct. 1051, 1056, 79 L.Ed.2d 288, 296. This court recognized and distinguished granting motions to disqualify counsel in criminal and civil cases in *Russell,* 15 Ohio St.3d at 42–43, 15 OBR at 141, 472 N.E.2d at 699–700, noting distinct reasons for differing results in the two types of cases regarding the effectiveness of post-trial review. Further, an appeal challenging the pretrial order following conviction and sentence would be no less speedy than the appeal deemed adequate in *Wenzel.* Cf. *State ex rel. Willis v. Sheboy* (1983), 6 Ohio St.3d 167, 6 OBR 225, 451 N.E.2d 1200, paragraph one of the syllabus (where a constitutional process of appeal has been legislatively provided, the sole fact that pursuing such process would encompass more delay and inconvenience than seeking a writ of mandamus is insufficient to prevent the process from constituting a plain and adequate remedy in the ordinary course of the law); but, see, *State ex rel. Butler v. Demis* (1981), 66 Ohio St.2d 123, 124, 20 O.O.3d 121, 122, 420 N.E.2d 116, 117 ("If Butler and Bower must wait for an appeal [in a permanent custody proceeding] to establish their alleged right to have O'Farrell appointed as their legal counsel, they will be denied the opportunity to have the attorney-client relationship of their own choosing throughout the course of the adjudication and disposition of their cases.").

Therefore, the court of appeals properly concluded that the availability of the right to appeal constituted an adequate remedy at law which precluded appellant's request for the extraordinary writs of mandamus and/or prohibition. Although the court was incorrect in stating that the order was immediately appealable despite *Polikoff,* a reviewing court is not authorized to reverse a correct judgment merely because erroneous reasons were assigned as a basis thereof. *Myers v. Garson* (1993), 66 Ohio St.3d 610, 614–615, 614 N.E.2d 742, 745. Appellant's first proposition of law is meritless and is overruled.

Appellant asserts in his second proposition of law that appellee abused his discretion in granting the disqualification motion. In light of the recommended disposition of appellant's first proposition of law, the second proposition is moot.

Additionally, as appellant concedes, the standard of review for determining whether the court erred in its pretrial disqualification of defense counsel is whether it abused its broad discretion. See *State v. Dillman* (1990), 70 Ohio App.3d 616, 591 N.E.2d 849; cf., also, *Centimark Corp. v. Brown Sprinkler Serv., Inc.* (1993), 85 Ohio App.3d 485, 620 N.E.2d 134. When a court has discretion to act, its only duty is to exercise that discretion. *State ex rel. Ney v. Niehaus* (1987), 33 Ohio St.3d 118, 119, 515 N.E.2d 914, 916, citing *State ex rel. Butler, supra.* A writ of mandamus will not lie to control judicial discretion, even if such discretion is abused. *State ex rel. Kirtz v. Corrigan* (1991), 61 Ohio St.3d 435, 439, 575 N.E.2d 186, 189; *State ex rel. Sawyer v. O'Connor* (1978), 54 Ohio St.2d 380, 8 O.O.3d 393, 377 N.E.2d 494; R.C. 2731.03. Since the act of deciding whether or not to grant the state's motion to disqualify appellant's chosen counsel was within appellee's discretion, the writ of mandamus was properly denied. Similarly, prohibition will not lie since appellee's decision to disqualify Mancino and Higgins and proceed with the criminal trial with appellant being represented by appointed counsel was within his jurisdictional authority. Thus, appellant's second proposition is overruled.

Accordingly, for the foregoing reasons, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK and F.E. SWEENEY, JJ., concur.

PFEIFER, J., dissents.

WRIGHT, J., concurring. In my view the solution in this case that a post-conviction appeal is an adequate remedy at law may well be illusory. However, I am compelled by precedent announced by this court[1] and the United States Supreme Court[2] to affirm the judgment of the court of appeals.

PFEIFER, J., dissenting. A post-conviction appeal does not offer Keenan an adequate remedy at law, nor does it suit an orderly and efficient judicial system.

The question of Keenan's right to the counsel of his choice is necessarily most critical prior to the beginning of his trial. A post-conviction appeal may offer *a* remedy, but not an *adequate* one—the choice of counsel is fundamental and impacts the entirety of the case. *State ex rel. Butler v. Demis* (1981), 66 Ohio St.2d 123, 124, 20 O.O.3d 121, 122, 420 N.E.2d 116, 117.

---

1. *Polikoff v. Adam* (1993), 67 Ohio St.3d 100, 616 N.E.2d 213.

2. *Wheat v. United States* (1988), 486 U.S. 153, 108 S.Ct. 1692, 100 L.Ed.2d 140; *Flanagan v. United States* (1984), 465 U.S. 259, 104 S.Ct. 1051, 79 L.Ed.2d 288.

Also, the prospect of a second reversal of a death penalty conviction, and the concomitant waste of resources, demands that we determine now whether Keenan should have the counsel of his choice.