JOURNAL ENTRY AND OPINION
Relator requests that this court compel respondent judge to reconsider the denial of various motion relator filed in State v.Borden, Cuyahoga County Court of Common Pleas Case No. CR-378478.
Respondent has filed an "answer to petition for writ of mandamus and motion for summary judgment." Initially, we note that Civ.R. 7 distinguishes between pleadings, e.g., answers, and motions.
Respondent correctly argues that mandamus does not lie to compel respondent to reconsider the denial of pretrial motions in Case No. 378478.
 [A]lthough mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused. State ex rel. Ney v. Niehaus (1987), 33 Ohio St.3d 118, 515 N.E.2d 914. Furthermore, mandamus is not a substitute for appeal or a means to review errors or irregularities, if any, in the trial court. State ex rel. Keenan v. Calabrese (1994), 69 Ohio St.3d 176, 631 N.E.2d 119; State ex rel. Daggett v. Gessman (1973), 34 Ohio St.2d 55, 295 N.E.2d 659; and State ex rel. Pressley v. Industrial Commission of Ohio
(1967), 11 Ohio St.2d 141, 228 N.E.2d 631, Paragraph Three of the Syllabus. Errors, if any, regarding sentencing or denial of motions are reviewable on appeal.
State ex rel. Lesko v. Court of Common Pleas (Apr. 15, 1999), Cuyahoga App. No. 76165, unreported, at 4-5. See also R.C. 2731.03
Respondent discharged his duty by denying relator's motions. Relief does not lie in mandamus to compel respondent to rule in the manner relator considers favorable.
Accordingly, respondent's motion for summary judgment, which is unopposed, is granted. Relator to pay costs.
Writ denied.
 TERRENCE O'DONNELL J., CONCURS.
 _______________________________ ANN DYKE, ADMINISTRATIVE JUDGE