OPINION
Defendant-appellant Russell Saadey, Jr. appeals the pretrial decision of the Columbiana County Common Pleas Court which granted the state's motion to disqualify one of appellant's defense attorneys. The trial court disqualified defense attorney Don L. Hanni on the grounds that a potential conflict of interest existed as he had previously represented one of appellant's alleged victims in a related matter. For the following reasons, this appeal is dismissed as there is no right to an immediate appeal from a decision granting disqualification in a criminal case.
The law on final appealable orders, especially in the context of rulings on disqualification motions, has a long and tortured history. In Russell v. Mercy Hosp. (1984), 15 Ohio St.3d 37, the Supreme Court held that the granting of a motion to disqualify counsel in a civil action is a final appealable order. See, also,Guccione v. Hustler Magazine, Inc. (1985), 17 Ohio St.3d 88. The final appealable order statute being applied stated that a final order was an order affecting substantial rights made in a special proceeding. The Russell Court applied the balancing test of Amatov. General Motors Corp. (1981), 67 Ohio St.2d 253 to determine whether the special proceeding prong of the test was met.
Later, in Polikoff v. Adam (1993), 67 Ohio St.3d 100, the Court instructed that the first inquiry regarding the issue of a final order is whether a special proceeding is at hand. In so inquiring, the Court explicitly overruled the Amato balancing test for determining the existence of a special proceeding and defined a special proceeding as one that was not recognized at common law or in equity but was created by statute. Id. at 107.
Then, in State ex rel. Keenan v. Calabrese (1994), 69 Ohio St.3d 176, the Court specifically determined that a pretrial order granting a disqualification motion in a criminal case is not a final appealable order. Id. at 179, citing Polikoff. The Court seemed to doubt the longevity of Russell and alternatively distinguished it as a civil case. Id. at 178. Moreover, the Court stated that an appeal following conviction would be neither impractical or ineffective. Id. at 179, citing U.S. v. Flanagan
(1984), 465 U.S. 259 (where the United States Supreme Court held that the grant of disqualification of counsel is not a final appealable order in a criminal case).[1]
It appears that State ex rel. Keenan requires dismissal of the appeal for lack of a final appealable order. Nonetheless, due to an amendment to the final appealable order statute, effective July 22, 1998, we must proceed with our analysis. Prior to analyzing the statute, however, we shall complete our case law history on the subject previously commenced.
In Walters v. The Enrichment Ctr. of Washington Well, Inc.
(1997), 78 Ohio St.3d 118, the Court reinforced Polikoff's
holding that it is not the order which defines a special proceeding but it is the character of the underlying action. Id.
at 120-122. Then, in Kala v. Aluminum Smelting Refinery Co.,Inc. (1998), 81 Ohio St.3d 1, the Court confirmed its decision inRussell that a grant of disqualification in a civil case is a final appealable order. Id. at 4. The Court adopted the decision of Stevens v. Grandview (Oct. 20, 1993), Montgomery App. No. 14042. That case refused to strictly apply the special proceeding definition of Polikoff and instead reverted to the balancing test utilized in Russell.
The General Assembly then enacted Sub.H.B. No. 394 to amend R.C. 2505.02, the final appealable order statute. This amended version of R.C. 2505.02, which applies to all cases pending as of July 22, 1998, reads in pertinent part:
"(A) As used in this section:
 (1) `Substantial right' means a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect.
 (2) `Special proceeding' means an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity.
 (3) `Provisional remedy' means a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, or suppression of evidence.
 (B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment.
 (2) An order that affects a substantial right made in a special proceeding or upon summary application in an action after judgment.
 (3) An order that vacates or sets aside a judgment or grants a new trial.
 (4) An order that grants or denies a provisional remedy and to which both of the following apply:
 (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
 (5) An order that determines that an action may or may not be maintained as a class action."[2]
We shall now apply the amended statute to the present case. The grant of a motion to disqualify defense counsel in a criminal case is clearly not an order that determines the entire action, sets aside a judgment, grants a new trial or determines class action status, making R.C. 2505.02(B)(1), (3) and (5) inapplicable.
As for R.C. 2505.02(B)(2), an order that affects a substantial right made in a special proceeding, the legislature basically adopted the definition of special proceeding set forth in Polikoff. That case instructed courts to first address the special proceeding prong and then, only if that prong is met, to proceed to the question of whether substantial rights are affected. A criminal action as in the case at bar does not fit the definition of a special proceeding as set forth in R.C.2505.02(B)(2). See State v. Serednesky (Nov. 22, 1999), Mahoning App. No. 99CA77, unreported, 3. A criminal action was not specially created by statute and was in existence prior to 1853.
We thus move to the remaining section of R.C. 2505.02(B)(4). This section specifies circumstances under which an order granting or denying a provisional remedy is final and appealable. First, we note that a ruling on a motion to disqualify counsel in a criminal case is ancillary to the main action and thus qualifies as a provisional remedy under R.C. 2505.02(A)(3). SeeBernbaum v. Silverstein (1980), 62 Ohio St.2d 445, 448 for the proposition that a motion to disqualify is a request for ancillary relief.
The next step in our analysis involves examining whether the requirements of R.C. 2505.02(B)(4) (a) are satisfied. In so doing, it is clear that when a court rules on a motion for disqualification, the resulting order determines the action with respect to the motion and prevents judgments in favor of the appellant with respect to the motion. As such, our final line of inquiry is whether appellant would be precluded from a meaningful or effective remedy on appeal following a final judgment as to the entire action. R.C. 2505.02(B)(4)(b). If appellant will not be denied a meaningful or effective remedy by waiting to appeal the pretrial order granting disqualification, then the order may not be appealed now. Id. See, also, Freer v. LomaEnterprises, Inc. (Dec. 30, 1999), Mahoning App. No. 98CA194, unreported, 2-3 (going through a similar analysis of the amended statute up to this point and holding that an order denying a motion to disqualify counsel in a civil case is not a final appealable order).
It does appear that putting a defendant through an entire trial without chosen counsel and postponing appeal of the grant of disqualification until after conviction may seem inefficient in cases where the grant of disqualification is reversed. However, there will be no inefficiency in cases where disqualification is affirmed. Moreover, the test is whether the appellant will be denied a "meaningful or effective remedy" by way of appeal if he is not permitted to file a pretrial appeal of the issue.
Due to Supreme Court precedent, we are compelled to hold that appellant will not be denied meaningful and effective review by waiting to appeal the grant of disqualification until a regular appeal is filed in the criminal case. For instance, the Ohio Supreme Court has decided that "[a]n appeal following conviction and sentence would be neither impractical nor ineffective since any error in granting the motion [for disqualification in a criminal case] would, in certain circumstances, be presumptively prejudicial." State ex rel. Keenan, 69 Ohio St.3d at 179, citingFlanagan, 465 U.S. at 268. The Flanagan case held that post-conviction appeal of disqualification in a criminal case is fully effective, reasoning that the validity of a disqualification order cannot be adequately reviewed until the trial is complete because the substance of the state's and defendant's case is unknown until such time. Id. at 268-269. Furthermore, in State v.Keenan (1998), 81 Ohio St.3d 133, the Court decided, in an appeal after conviction, that the trial court did not err in granting the state's disqualification motion. Id. at 137. The Court mentioned State ex rel. Keenan and thus implied that the issue of granting disqualification was properly being considered in an appeal after conviction rather than in a pretrial, interlocutory appeal. Id. at 136.
For the foregoing reasons, the trial court's order granting the state's motion to disqualify one of appellant's defense attorneys is not a final appealable order. Accordingly, this appeal is dismissed.
Cox, P.J., dissents; see dissenting opinion, Waite, J.,concurs.
 _________________________ JOSEPH J. VUKOVICH, JUDGE
[1] See, also, State v. Keenan (Jan. 1, 1994), Cuyahoga App. No. 66264, unreported (where Keenan was originally informed that his appeal of a grant of disqualification was not final); Statev. Cochran (Mar. 25 1996), Lawrence App. No. 95 CA 17, unreported (dismissing an appeal from a grant of disqualification by citingState ex rel. Keenan). Cf. State v. Dillman (1990), 70 Ohio App.3d 616
(holding that the grant of disqualification is final, but decided before State ex rel. Keenan).
[2] The prior version of the statute contained the same categories as set forth in R.C. 2505.02(B)(1-3). This amended version added (B) (4-5) and supplied definitions of the terms substantial right, special proceeding and provisional remedy.