I must respectfully dissent from the decision reached by the majority.
I find that the majority opinion provided an excellent analysis of the case law that has discussed the present issue. However, the legislature, in 1998, enacted Sub.H.B. No. 394 and amended R.C. 2505.02, thereby making the determination of what constitutes a final appealable order.
The majority relies upon State ex rel. Keenan v. Calabrese
(1994), 69 Ohio St.3d 176, which was decided in 1994. That case was not a direct appeal; it was, in fact, appealed from an order denying a writ of mandamus and/or prohibition. In State ex rel.Keenan, the Ohio Supreme Court discussed Polikoff v. Adam (1993),67 Ohio St.3d 100 and reaffirmed the position that orders which are "entered in actions that are recognized at common law or in equity and were not specially created by statute are not orders entered in special proceedings pursuant to R.C. 2505.02." (Emphasis added).
The majority states that a criminal action was not created by statute and was in existence prior to 1853, hence, it is not a special proceeding. However, it is a tenet of Ohio law that there are no common law crimes in Ohio as all crimes are statutory.Akron v. Rowland (1993), 67 Ohio St.3d 374, 391, footnote four, citing to R.C. 2901.03(A).
Therefore, the denial of counsel of one's choice in a criminal case clearly fits within the category of R.C. 2505.02(B)(2), as an order which affects a substantial right made in a special proceeding and not as the majority states, a provisional remedy that can be addressed in an appeal after conviction and sentencing.
The federal case law cited by the majority has no application to the issue in Ohio. Our constitution, by virtue of a separation of powers, entitles the legislature to determine what is a final appealable order. Thus, the courts can only determine the constitutionality of the legislation.
Based upon the foregoing discussion, I would find that appellant's appeal should not be dismissed as it does constitute a final appealable order.
 ______________________________ EDWARD A. COX, PRESIDING JUDGE