ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} On March 22, 2004, the petitioner, John Erb, commenced this mandamus action against the respondent, Judge Burt Griffin, to compel the judge to reinstate the underlying foreclosure action, Provident Bank v. John Erb, Cuyahoga County Common Pleas Court Case No. CV-410775, to stay execution, to set aside the judgment, and to dismiss the case. For the following reasons, this court dismisses this action, sua sponte.
 {¶ 2} First, the petition is defective because it is improperly captioned. The petitioner captioned the case as "John Erb v. Judge Burt Griffin." R.C. 2731.04 requires that an application for a writ of mandamus "must be by petition, in the name of the state on the relation of the person applying." This failure to properly caption a mandamus action is sufficient grounds for denying the writ and dismissing the petition.Maloney v. Court of Common Pleas of Allen Cty. (1962),173 Ohio St. 226, 181 N.E.2d 270; State ex rel. Larry Calloway v. Courtof Common Pleas of Cuyahoga Cty. (Feb. 27, 1997), Cuyahoga App. No. 71699; State ex rel. Samuels v. Municipal Court (Nov. 22, 1994), Cuyahoga App. No. 67762; and State ex rel. White v.Villanueva (Oct. 6, 1993), Cuyahoga App. No. 66009.
 {¶ 3} The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief and (3) there must be no adequate remedy at law. Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused. State ex rel. Ney v. Niehaus (1987),33 Ohio St.3d 118, 515 N.E.2d 914. Furthermore, mandamus is not a substitute for appeal. State ex rel. Keenan v. Calabrese
(1994), 69 Ohio St.3d 176, 631 N.E.2d 119; State ex rel. Daggettv. Gessman (1973), 34 Ohio St.2d 55, 295 N.E.2d 659; and Stateex rel. Pressley v. Indus. Comm. (1967), 11 Ohio St.2d 141,228 N.E.2d 631, paragraph three of the syllabus. Thus, mandamus does not lie to correct errors and procedural irregularities in the course of a case. State ex rel. Jerninghan v. Gaughan (Sept. 26, 1994), Cuyahoga App. No. 67787.
 {¶ 4} Furthermore, if the relator had an adequate remedy, regardless of whether it was used, relief in mandamus is precluded. State ex rel. Tran v. McGrath, 78 Ohio St.3d 45,1997-Ohio-245, 676 N.E.2d 108, and State ex rel. BoardwalkShopping Ctr., Inc. v. Court of Appeals for Cuyahoga Cty.
(1990), 56 Ohio St.3d 33, 564 N.E.2d 86. Moreover, mandamus is an extraordinary remedy which is to be exercised with caution and only when the right is clear. It should not issue in doubtful cases. State ex rel. Taylor v. Glasser (1977),50 Ohio St.2d 165, 364 N.E.2d 1; State ex rel. Shafer v. Ohio Turnpike Comm.
(1953), 159 Ohio St. 581, 113 N.E.2d 14; State ex rel. Connolev. Cleveland Bd. of Edn. (1993), 87 Ohio App.3d 43,621 N.E.2d 850; and State ex rel. Dayton-Oakwood Press v. Dissinger
(1940), 32 Ohio Law Abs. 308.
 {¶ 5} In the instant case, although the petitioner avers that the "remedy of appeal is not available," it is apparent that the remedy of appeal was available, but the petitioner failed to avail himself of such remedy. The docket of the underlying case, attached to the complaint as an exhibit, reveals that the respondent entered judgment for Provident Bank in the amount of $45,010.63 on August 13, 2003, that the order of sale issued to the sheriff on November 10, that on December 29 the property was sold, and that the order of sale was returned on December 30, 2003. Thus, by late March 2004, the time for appeal had expired. Moreover, the docket also reveals that the petitioner is pursuing the remedy of a Civ. R. 60(B) motion to vacate. Accordingly, mandamus will not lie because the petitioner either has or had an adequate remedy at law.
 {¶ 6} Additionally, the relief the petitioner is seeking would require this court to control the judge's discretion. The docket indicates that the respondent has denied the petitioner's motions to dismiss and resolved the entire case. Ordering the judge to vacate his decisions on the these matters would control, indeed overrule, his discretion. As stated above, mandamus does not lie to control judicial discretion, even if that discretion is grossly abused. The petitioner's failure to support his claims with legal authority also raises grave doubts that his requested relief, the dismissal of the underlying case, was ever well founded.
 {¶ 7} Moreover, the petitioner failed to support his complaint with an affidavit "specifying the details of the claim" as required by Local Rule 45(B)(1)(a). State ex rel. Wilson v.Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077, and Stateex rel. Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899.
 {¶ 8} Accordingly, the court dismisses this application for a writ of mandamus. Costs assessed against the petitioner. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Writ dismissed.
Dyke, P.J., and Celebrezze, Jr., J., concur.