OPINION and JOURNAL ENTRY
{¶ 1} Plaintiff-relator, Florence Marsteller, executrix of the estate of James Marsteller, has filed a petition for a writ of prohibition against defendant-respondent, Judge Timothy Maloney. Respondent has filed a motion to dismiss.
 {¶ 2} Relator is the executrix and sole beneficiary of her late husband's estate (the estate). Respondent is the judge of the Mahoning County Probate Court. In her petition, relator asserts the following facts, which respondent does not contest. Relator completed the administration of the estate. But the estate remained open so she could pursue wrongful death claims. Relator retained a local attorney to assist her with her fiduciary duties. Additionally, relator retained the law firm of Goldberg, Persky White (Goldberg-Persky) as trial counsel to pursue the wrongful death claims. Relator entered into a contingency fee agreement with Goldberg-Persky, which the probate court approved. Relator filed applications in the probate court to settle and distribute the wrongful death claims.
 {¶ 3} The following facts are set out in this Court's opinion in In reEstate of Marsteller, 7th Dist. No. 03-MA-185, 2004-Ohio-6214. Goldberg-Persky recovered $42,200.00 in partial settlements on behalf of the estate and filed the first of two applications to approve these partial settlements and distribute the proceeds on February 7, 2001. The probate court granted the attorney fees requested in Goldberg-Persky's first application for partial settlement, but reduced the expenses from the requested amount of $780.64 to $176.33. In the second application for partial settlement, Goldberg-Persky requested $11,066.66 in attorney fees and $1,108.80 in expenses. The probate court ordered payment of $388.50 in expenses and reduced the attorney fees by $265.70. Goldberg-Persky appealed the determination of fees and expenses.
 {¶ 4} In response to Goldberg-Persky's appeal, relator filed a notice with this Court advising us that she would not file a brief in support of or in opposition to Goldberg-Persky's appeal.
 {¶ 5} In Marsteller, this Court found that the probate court abused its discretion when it applied a local rule retroactively to reduce Goldberg-Persky's fees and expenses. Accordingly, we reversed the probate court's judgment and entered judgment for Goldberg-Persky in the amount of $11,066.66 in fees and $1,889.44 in expenses for a total of $12,956.10.
 {¶ 6} After this Court reversed the probate court's decision and entered judgment on Goldberg-Persky's fees and expenses, the probate court issued an order appointing counsel for the estate to represent it for appellate purposes regarding the appeal of this court's Marsteller
decision in addition to numerous other cases involving similar facts. The probate court stated, in part, in its judgment entry:
 {¶ 7} "For reasons which are not explained by the record, the Counsel of Record under each of the foregoing Estates failed to take any position with respect to each separate appeal, despite the fact that the Court's original orders benefited the beneficiaries under each such estate."
 {¶ 8} The court appointed a specific attorney as counsel of record for the estate for appellate purposes. It further found that counsel would be paid an hourly rate of $125 and that his total fee would be apportioned by the court between this case and the numerous other cases the court grouped together with this case.
 {¶ 9} It was after the probate court filed this order that relator filed her petition for a writ of prohibition asking that we prevent respondent from appointing legal counsel on the estate's behalf, against her wishes, and from prosecuting an appeal from the Marsteller decision.
 {¶ 10} In a January 6, 2005 journal entry, this Court issued an alternative writ of prohibition granting respondent ten days to cease and desist the appointment of legal counsel for relator or to show cause why a permanent writ should not issue.
 {¶ 11} In response to our order to show cause, respondent has filed a motion to dismiss relator's complaint for failure to state a claim.
 {¶ 12} A writ of prohibition is an extraordinary judicial writ issuing out of a court of superior jurisdiction and directed to an inferior tribunal commanding it to cease abusing or usurping judicial functions.State ex rel. Jones v. Suster (1998), 84 Ohio St.3d 70, 73,701 N.E.2d 1002. The purpose of a writ of prohibition is to restrain inferior courts and tribunals from exceeding their jurisdiction. Id.
 {¶ 13} As a general rule, in order for a writ of prohibition to issue, the relator must prove that: (1) the lower court is about to exercise judicial authority; (2) the exercise of authority is not authorized by law; and (3) the relator has no other adequate remedy in the ordinary course of law if a writ of prohibition is denied. State exrel. Keenan v. Calabrese (1994), 69 Ohio St.3d 176, 178, 631 N.E.2d 119.
 {¶ 14} Respondent makes several arguments why we should dismiss relator's complaint.
 {¶ 15} First, he argues that the probate court has jurisdiction to order the appointment of counsel to represent an estate. He bases this statement on R.C. 2101.24, which provides in part:
 {¶ 16} "(A)(1) Except as otherwise provided by law, the probate court has exclusive jurisdiction:
 {¶ 17} "* * *
 {¶ 18} "(c) To direct and control the conduct and settle the accountsof executors and administrators and order the distribution of estates;
 {¶ 19} "* * *
 {¶ 20} "(m) To direct and control the conduct of fiduciaries and settle their accounts;
 {¶ 21} "* * *
 {¶ 22} "(C) The probate court has plenary power at law and in equityto dispose fully of any matter that is properly before the court, unless the power is expressly otherwise limited or denied by a section of the Revised Code." (Emphasis added.)
 {¶ 23} Respondent argues that these sections give the probate court the power to direct and control the executrix because it is responsible for overseeing that she preserves the assets of the estate.
 {¶ 24} He further argues that the probate court can remove a fiduciary who breaches her duty to preserve the assets of an estate. R.C. 2109.24; R.C. 2113.18. Therefore, he concludes that the probate court has jurisdiction to direct the executrix to pursue and defend a court order that preserves the estate's assets. Since, in this case, relator chose not to pursue or defend Goldberg-Persky's appeal, respondent argues that he had jurisdiction to order separate counsel to preserve the estate in order to pursue and defend the appeal because it is in the best interest of the estate. Respondent further argues that whether he abused his discretion in ordering the appointment of counsel is a decision reviewable on direct appeal. Therefore, he concludes, a writ of prohibition is not proper here.
 {¶ 25} Next, respondent argues that because the probate court has the authority to (1) determine whether a wrongful death claim is warranted, (2) direct the fiduciary to pursue a wrongful death claim, (3) approve the appointment of counsel, (4) approve any settlement and distribution, and (5) approve counsel's fees, it follows that the probate court has the authority to review the executrix's decision not to pursue an appeal from a decision that enhances the wrongful death case and to order counsel to represent the estate. Again, respondent argues that whether it abused its discretion in ordering the appointment of counsel is reviewable on direct appeal and, therefore, a writ of prohibition should not lie.
 {¶ 26} Thirdly, respondent points out that R.C. 2101.24(C) gives it "plenary power at law and in equity to dispose fully of any matter that is properly before the court." He argues that this plenary power gives the probate court the authority to appoint counsel for an estate when, in its discretion, it determines that a wrongful death case is enhanced by an appeal. And again respondent claims this decision to appoint counsel is reviewable on direct appeal.
 {¶ 27} Finally, respondent argues that the probate court may enforce its duties though an ex parte order.
 {¶ 28} As stated above, we must normally determine (1) whether the probate court is about to exercise judicial authority, (2) whether that exercise of authority is not authorized by law, and (3) whether relator has no other adequate remedy if the writ is denied. Keenan,69 Ohio St.3d at 178.
 {¶ 29} Here, respondent has already exercised judicial authority. He has appointed counsel to represent the estate to pursue an appeal. He has also set the appointed counsel's hourly rate at $125 and ordered that the total fee will be apportioned by the court, as it determines, between this estate and the other similarly situated estates. Even though the court has already exercised its judicial authority, prohibition will lie both to prevent the future unauthorized exercise of jurisdiction and to correct the results of previous jurisdictionally unauthorized actions.State ex rel. Goldberg v. Mahoning Cty. Probate Court (2001),93 Ohio St.3d 160, 162, 753 N.E.2d 192. Thus, the first element is met.
 {¶ 30} We will discuss the third element next since this will also include discussion of the second element. In this case there is an exception to meeting the third element. Respondent argues that his December 3, 2004 judgment entry ordering the appointment of counsel for the estate on appeal was a final, appealable order. Therefore, respondent argues, relator is not entitled to a writ of prohibition because she had an adequate remedy at law, she could have filed an appeal from that judgment.
 {¶ 31} But relator does not have to demonstrate that she has no adequate remedy at law in order for this court to issue a writ of prohibition. The Ohio Supreme Court explained this exception to the "adequate remedy" element of prohibition as follows:
 {¶ 32} "Ordinarily, all three prerequisites must be present before a claim in prohibition has been stated. However, we have held that `[i]f an inferior court is without jurisdiction whatsoever to act, the availability or adequacy of a remedy of appeal to prevent the resulting injustice is immaterial to the exercise of supervisory jurisdiction by a superior court to prevent usurpation of jurisdiction by the inferior court.' But before we will exercise our jurisdiction to issue the writ in such instance, there must be a patent and unambigous [sic] lack of jurisdiction of the inferior court which clearly places the dispute outside the court's authority. Thus, where this showing has not been made, the availability of an adequate remedy in the ordinary course of law precludes the issuance of the writ of prohibition. Therefore, on some occasions, we have found it unnecessary to consider whether the other elements for issuing the writ have been satisfied." (Internal citations omitted.) State ex rel. Tilford v. Crush (1988), 39 Ohio St.3d 174, 176,529 N.E.2d 1245.
 {¶ 33} In this case, relator takes issue with respondent's authority to appoint counsel on her behalf or on the estate's behalf. As will be discussed next, respondent patently and unambiguously lacked jurisdiction to make such an appointment. That brings us to the second element, whether respondent's exercise of authority is not authorized by law.
 {¶ 34} "The Probate Court has exclusive jurisdiction, unless otherwise provided by law, as to all matters set forth in Section 2101.24, Revised Code, and as to all matters pertaining directly to the administration of estates." Wolfrum v. Wolfrum (1965), 2 Ohio St.2d 237, paragraph two of the syllabus, 208 N.E.2d 537. However, forcing unwanted counsel, an unwanted appeal, and unwanted legal fees on a widow/executrix/sole beneficiary is not a matter directly pertaining to the administration of the estate. The estate has been settled except for this issue surrounding the court's appointment of counsel to pursue an appeal to the Supreme Court.
 {¶ 35} Respondent is attempting to create derivative powers from those powers entrusted to the probate court by statute. Probate court proceedings are restricted to those actions permitted by statute and by the Constitution, since the probate court is a court of limited jurisdiction. Corron v. Corron (1988), 40 Ohio St.3d 75, 77,531 N.E.2d 708.
 {¶ 36} In Goldberg, supra, the Ohio Supreme Court examined the probate court's powers. The respondent in that case, who happens to be the respondent in this case as well, argued that the probate court had jurisdiction to issue a prejudgment attachment of personal property in concealment proceedings. In part, respondent relied on several statutes dealing with attachment and the statute giving the probate court plenary power. In finding respondent's position to be without merit, the Supreme Court pointed out that "[u]nder R.C. 2101.24(A)(2), the probate court has exclusive jurisdiction over a particular subject matter if (a) another section of the Revised Code expressly confers jurisdiction over that subject matter upon the probate court and (b) no section of the Revised Code expressly confers jurisdiction over that subject matter upon any other court or agency." (Emphasis added.) Id. at 165. It then concluded that no statutory section expressly confers jurisdiction on probate courts to consider concealment actions concerning wrongful death proceeds or to issue prejudgment attachment orders in that context. Id. Similarly, in this case, respondent has been unable to point to any statutory section that "expressly confers jurisdiction" on the probate court to appoint counsel for an estate or to appeal a decision on behalf of an estate.
 {¶ 37} Respondent also repeatedly refers to the probate court's plenary power and its jurisdiction to direct and control the conduct and settle the accounts of executors and order the distribution of estates. However, the probate court's plenary power is not unlimited. See Burrisv. Grange Mut. Companies (1989), 46 Ohio St.3d 84, 545 N.E.2d 83, overruled on other grounds (Probate court that exercised jurisdiction granted by statute to approve wrongful death settlement by personal representative of decedent had limited plenary jurisdiction to construe insurance policy for purpose of determining amount of insurance coverage available to settle the wrongful death claim.) And, as the Goldberg court observed, a probate court's plenary power is inapplicable when the matter is not "`properly before the court.'" Goldberg, 160 Ohio St.3d at 165.
 {¶ 38} This matter was not properly before the probate court. Once this court issued its decision, the case was over unless one of theparties chose to pursue further appeals. Respondent has stepped over the line between detached, neutral judge and interested party. Because he disagrees with this court's Marsteller decision, he has decided that the probate court has the jurisdiction to appeal a decision of a superior court. He has taken it upon himself to determine what he believes is in the best interest of the estate. That is the job of an interested party, not a court.
 {¶ 39} Respondent also fails to properly consider that relator is both the executrix and sole beneficiary of her late husband's estate. Relator attached her affidavit to her complaint in which she stated the following. She was aware that she would receive a larger net share of the wrongful death settlement proceeds if her counsel's fees were reduced. However, she was opposed to the probate court's order and thought it unfair that her counsel's fees were reduced. She did not authorize the court to retain counsel on the estate's behalf and objects to the court doing so. She does not want to pursue an appeal from this court'sMarsteller decision. She also objects to any fees being taken from the estate to pay for an appeal.
 {¶ 40} Finally, respondent also makes the argument that he is acting in the estate's best interest because he is attempting to preserve the estate's assets. However, wrongful death settlement proceeds are not estate assets. Goldberg, 160 Ohio St.3d at 163. And even if they were, the respondent is not necessarily acting in the estate's best interest here. Under the probate court's decision determining Goldberg-Persky's fees and expenses, respondent reduced the expenses by $1,324.61 and reduced the fees by $265.70 for a total reduction of $1,590.31. But the probate corrected its amount of fees due to a clerical error, thus the total amount Goldberg-Persky's expenses were reduced was $1,324.61. Under respondent's argument, he is acting in the estate's best interest because under his order of expenses, the estate would pay Goldberg-Persky $1,324.61 less than under this Court's order. Thus, respondent is presuming that the estate will profit from appealing this Court's judgment. Nonetheless, what respondent fails to consider is that by forcing the estate to appeal this case to the Ohio Supreme Court and ordering it to pay a portion of the fees and expenses associated with such an appeal, the estate could very easily lose even more money. In this case, such an appeal would not be in the estate's best interest.
 {¶ 41} Based on the foregoing, respondent's exercise of authority was clearly not authorized by law. Thus, the second element for a writ of prohibition is also met.
 {¶ 42} For these reasons, respondent's motion to dismiss is overruled and the writ of prohibition is hereby granted.
VUKOVICH, J., concurs. See concurring opinion.