OPINION and JOURNAL ENTRY
{¶ 1} Plaintiff-relator, Jack D. Boano, Jr., executor of the estate of Jack D. Boano, Sr., has filed a petition for a writ of prohibition against defendant-respondent, Judge Timothy Maloney. Respondent has filed a motion to dismiss.
 {¶ 2} Relator has filed his petition for writ of prohibition asking that we prevent respondent from appointing legal counsel on the estate's behalf, against his wishes, and from prosecuting an appeal from the decision announced in The Matter of the Estate of Jack Boano, 7th Dist. 03-MA-255, 2004-Ohio-6504. In that case, on December 1, 2004, this Court reversed respondent and ordered payment of $177.82 to Goldberg-Persky, litigation counsel on certain wrongful death claims.
 {¶ 3} Without consulting relator or his counsel, on December 3, 2004, respondent sua sponte appointed counsel for appellate purposes for a number of estates, including that of relator herein. This petition was then filed on December 30, 2004, followed by respondent's motion to dismiss.
 {¶ 4} This Court has decided the issue presented in this case by our decision announced on April 14, 2005, in State ex rel. Marsteller v.Maloney, Judge, 7th Dist. 04-MA-279, 2005-Ohio-1836. In Marsteller, we held that respondent patently and unambiguously lacked jurisdiction to make the appointment of counsel.
 {¶ 5} In issuing the writ of prohibition this Court found that respondent's exercise of authority was clearly not authorized by law.
 {¶ 6} For the reasons expressed in Marsteller, supra, we overrule the respondent's motion to dismiss and order the writ of prohibition to issue.
 {¶ 7} Costs of this proceeding taxed against respondent. Final order. Clerk to serve notice as provided by the civil rules.
Donofrio, P.J., concurs.
Vukovich, J., concurs.
Waite, J., concurs.