OPINION AND OURNAL ENTRY
{¶ 1} Realtor Ronald James Reed filed a "Petition in Mandamus" naming The Court of Common Pleas as Respondents. The Writ of Mandamus requests this court to order Respondents to remove Relator's sexual predator classification. Respondents filed a Motion to Dismiss on July 18, 2005.
 {¶ 2} This is not the first attempt Relator has made to have this court find error with the trial court's finding that he is a sexual predator. Relator appealed that determination in State v.Reed (May 16, 2001), 7th Dist. No. 00JE22. Relator has also made various attempts to file a delayed appeal. See State v. Reed
(April 23, 2004), 7th Dist. No. 04JE12 (Journal Entry); State v.Reed (January 13, 2005), 7th Dist. No. 04JE38 (Journal Entry). In Case No. 04JE12, the appeal was dismissed for lack of a final appealable order being identified in his filing. In Case No. 04JE38, Relator identified the order being appealed from as the May 2000 order classifying him as a sexual predator. This court then stated that the sexual predator classification was appealed in State v. Reed (May 16, 2001), 7th Dist. No. 00JE22, thus the matter was barred by res judicata. As such, the motion for delayed appeal was denied.
 {¶ 3} Now Relator has filed this Writ of Mandamus requesting this court to order the trial court to remove the sexual predator classification. In order to prevail on a Writ of Mandamus, the Relator must show that: (1) he has a clear legal right to the relief prayed for; (2) the Respondent is under a clear legal duty to perform the acts; and (3) the Relator has no plain and adequate remedy in the ordinary course of law. State ex rel.Berger v. McMonagle (1983), 6 Ohio St.3d 28, 29.
 {¶ 4} As is shown above by our previous holdings, Relator had a plain and adequate remedy in the ordinary course of law; an appeal of the sexual predator finding. Relator did appeal that finding and we affirmed the trial court. Relator cannot now try to raise a different argument as to how the sexual predator classification is incorrect in a Writ of Mandamus.
 {¶ 5} Mandamus is an extraordinary remedy which is to be exercised with caution and issued only when the right is clear. It is not a substitute for an appeal. State ex rel. Keenan v.Calabrese (1994), 69 Ohio St.3d 176; State ex rel. Daggett v.Gessaman (1973), 34 Ohio St.2d 55.
 {¶ 6} The arguments now raised could have been made in the direct appeal. As there was an adequate remedy at law, the Motion to Dismiss is granted.
 {¶ 7} Furthermore, this court notes that the mandamus action does not comply with the statutory mandates in R.C. 2965.25. An affidavit listing all civil actions filed by Relator during the past five years was not attached to the petition. Failure to attach said affidavit is sufficient justification for dismissal. See State ex rel. Zanders v. Ohio Parole Bd. (1998),82 Ohio St.3d 421.
 {¶ 8} For the foregoing reasons, Respondents' Motion to Dismiss is granted. Relator's Petition for Writ of Mandamus is dismissed.
 {¶ 9} Costs taxed against Relator. Final order. Clerk to serve notice as provided by the Civil Rules.
Vukovich, J., Donofrio, P.J., Waite, J., concurs.