JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Sean Gregor Associates Co., L.P.A. ("Gregor"), appeals the trial court's decision granting the motion to dismiss for lack of subject matter jurisdiction filed by Ian N. Friedman Associates LLC ("Friedman"). Gregor assigns the following error for our review:
 "I. The trial court erred in dismissing the complaint for lack of subject matter jurisdiction."
 {¶ 2} Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.
 {¶ 3} On November 19, 2007, Gregor filed a breach of contract complaint against Friedman. The complaint alleged that the parties entered into a contract requiring Gregor to perform probate services on behalf of the Estate of Fred L. Ruffin, Jr. ("the Estate"), related to a wrongful death action that Friedman was prosecuting. The complaint alleged that Friedman owed Gregor $17,620.98 in attorney fees and expenses related to the partial probate of the Estate.
 {¶ 4} On January 25, 2008, Friedman filed a motion to dismiss for lack of subject matter jurisdiction. In the motion, Friedman asserted that on November 2, 2001, Bernadine Thomas, in her capacity as Administratrix, retained Gregor to open the Estate. Friedman also asserted that Gregor was retained to protect the Estate's interest in a then pending class action lawsuit captioned In re: Sulzer Hip Prosthesis and KneeProsthesis Product Liability Litigation. In addition, Friedman asserted that *Page 2 
a dispute arose between Gregor and the Estate over the Estate's interest in the class action litigation, and Gregor was subsequently terminated.
 {¶ 5} Further, Friedman asserted that after its termination, on April 21, 2003, Gregor filed an administrative creditor's claim against the Estate in the amount of $17,620.98 for services rendered in the partial probate of the Estate. Finally, Friedman asserted that the Estate rejected Gregor's administrative creditor's claim and Gregor failed to file suit against the Estate pursuant to R.C. 2117.12.
 {¶ 6} Friedman argued that since Gregor was retained by the Estate, any amount due was from the corpus of the Estate, and, as such, the probate court had exclusive subject matter jurisdiction over the matter. On March 12, 2008, the trial court dismissed Gregor's complaint against Friedman for lack of subject matter jurisdiction.
 Dismissal for Lack of Subject Matter Jurisdiction {¶ 7} In its sole assigned error, Gregor argues the trial court erred in dismissing the complaint for lack of subject matter jurisdiction.
 {¶ 8} We disagree. Civ. R. 12(B)(1) allows a party to raise by motion a court's lack of subject matter jurisdiction as a defense to an action.[1] In ruling on a Civ. R. 12(B)(1) motion to dismiss for lack of subject matter jurisdiction, a trial court must *Page 3 
determine whether the claim raises any action cognizable in that court.[2] The issue of subject matter jurisdiction involves a court's power to hear and decide a case on the merits and does not relate to the rights of the parties.[3]
 {¶ 9} An appellate court reviews de novo a trial court's grant or denial of a Civ. R. 12(B)(1) motion to dismiss.[4] In conducting its review, "a court is not confined *Page 4 
to the allegations of the complaint and it may consider material pertinent to such inquiry without converting the motion into one for summary judgment."[5]
 {¶ 10} In the instant case, Gregor argues he was retained by Friedman and not the Estate, thus, the common pleas court general division and not the probate court was the proper forum to hear his claim. We are not persuaded. *Page 5 
 {¶ 11} In Schucker v. Metcalf, [6] the Ohio Supreme Court summarized the jurisdictional relationship between the Court of Common Pleas, General Division, and the Court of Common Pleas, Probate Division, as follows:
 "We begin by noting that `the power to define the jurisdiction of the courts of common pleas rests in the General Assembly and * * * such courts may exercise only such jurisdiction as is expressly granted to them by the legislature.' Seventh Urban, Inc. v. University Circle
(1981), 67 Ohio St.2d 19, 22 [21 O.O.3d 12, 423 N.E.2d 1070)]. `The court of common pleas is a court of general jurisdiction. It embraces all matters at law and in equity that are not denied to it. * * * The probate court is a court of limited jurisdiction; it can exercise just such powers as are conferred on it by statute and the constitution of the state * * *.' Saxton v. Seiberling (1891), 48 Ohio St. 554, 558-559, 29 N.E. 179."[7]
 {¶ 12} The jurisdiction of the probate court is set forth in R.C. 2101.24. It states, in pertinent part: *Page 6 
 "(A)(1) Except as otherwise provided by law, the probate court has exclusive jurisdiction:
 "* * * *
 "(b) To grant and revoke letters testamentary and of administration;
 "(c) To direct and control the conduct and settle the accounts of executors and administrators and order the distribution of estates;
 "(d) To appoint and remove guardians, conservators, and testamentary trustees, direct and control their conduct, and settle their accounts;
 "(m) To direct and control the conduct of fiduciaries and settle their accounts;
 "* * *"
 {¶ 13} Thus, pursuant to the foregoing statute, it is well settled that the probate court has exclusive jurisdiction, unless otherwise provided by law, as to all matters set forth in R.C. 2101.24 and as to all matters pertaining directly to the administration of estates.[8] *Page 7 
 {¶ 14} Additionally, the Ohio Supreme Court has held that "[a] probate court, in order to maintain control over any personal injury settlement entered into on behalf of a ward under its protection, has subject matter jurisdiction over the entire amount of settlement funds, which includes attorney fees to be drawn therefrom."[9] The court also observed that at the core, is the requirement that a probate court maintain control over any personal injury settlement entered into on behalf of the ward under the probate court's protection.[10]
 {¶ 15} In the instant case, although Gregor asserts that he was retained by Friedman, our review of the record belies this assertion. The record indicates that on April 21, 2003, Gregor filed a creditor's claim, pursuant to R.C. 2117.06, with the probate court against the estate seeking payment in the amount of $17,620.98. Attached to the claim was a detailed fee bill for services rendered on behalf of the Estate. The creditor's claim read in pertinent part as follows:
 "* * * Please know that this letter shall serve as notice of an Administrative Claim against the Estate of Fred L. Ruffin, Jr., Deceased. This law firm was hired by Bernadine Thomas to provide legal services in the probate of the above-referenced Estate and the related wrongful death claim. To date, there are outstanding attorney fees for such representation in the total amount of $17,620.98. * * *"[11] *Page 8 
 {¶ 16} In the above filing with the probate court, Gregor admitted that he was retained by the Estate and that the attorney fees were due from the Estate. As a general rule, parties are bound by their written admissions made in the progress of a case.[12] An admission of a material fact in a pleading dispenses with the opposing party's burden to offer any evidence of that fact.[13] Parties cannot simply repudiate their written admissions at pleasure.[14]
 {¶ 17} The record also indicates that on May 14, 2003, the Estate rejected Gregor's creditor's claim in a correspondence, which read in pertinent part as follows:
 "* * * Please allow this letter to serve as notice that the Estate of Fred L. Ruffin, Jr., by and through its Administrator Bernadine Thomas, hereby rejects the administrative claim that your law firm filed on or about April 21, 2003 seeking $17,620.98 in attorney fees.* * *"[15]
 {¶ 18} We conclude, on the record before us, that the proper forum for the dispute over attorney fees was the probate court. The record establishes that Gregor was retained by the Estate and not by Friedman. As such, the probate court had exclusive jurisdiction to resolve the dispute. Consequently, the trial court did not *Page 9 
err in dismissing the complaint for lack of subject matter jurisdiction. Accordingly, we overrule the sole assigned error.
 Judgment affirmed. *Page 10 
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, P.J., and MELODY J. STEWART, J., CONCUR
[1] Goff v. Ameritrust Co., N.A. (May 5, 1994), Cuyahoga App. Nos. 65196 and 66016.
[2] Milhoan v. E.Loc. School Dist. Bd. of Edn., 157 Ohio App.3d 716,2004-Ohio-3243.
[3] Vedder v. City of Warrensville Hts., Cuyahoga App. No. 81005, 2002-Ohio-5567.
[4] Mellion v. Akron City School Dist. Bd. of Edn., 9th
Dist. No. 23227, 2007-Ohio-242.
[5] Evans v. Ohio Dep't of Ins., Delaware App. No. 04 CA 80, 2005-Ohio-3921, citing Southgate Dev. Corp. v. Columbia Gas TransmissionCorp. (1976), 48 Ohio St.2d 211, paragraph one of the syllabus.
[6] (1986), 22 Ohio St.3d 33.
[7] Id. See also Hughes v. Law Offices of Squire Pierre-Louis, LLC(In re Hughes), Cuyahoga App. Nos. 89113 and 89126, 2007-Ohio-6843, citing Corron v. Corron (1988), 40 Ohio St.3d 75, 77.
[8] State ex rel. Marsteller v. Maloney, 7th Dist. No. 04-MA-279, 2005-Ohio-1836.
[9] Waterman v. Elk Elk Co., L.P.A. (1994), 96 Ohio App.3d 772, citing In re Guardianship of Jadwisiak (1992), 64 Ohio St.3d 176.
[10] Id. See also In re Kinross (1992), 84 Ohio App.3d 335.
[11] Gregor's Administrative Claim Against Estate, Case No. EST 0055292.
[12] Duncan v. Charter One Bank, 4th Dist. No. 02CA2855, 2003-Ohio-1907.
[13] Id.
[14] Badalamenti v. Kirkland (Nov. 29, 1991), 11th
Dist. No. 90-L-15-151.
[15] Attachment 2, Defendant's Motion to Dismiss. *Page 1