[Cite as *State ex rel. Juhan v. Burnside*, 2014-Ohio-610.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100697**

## STATE EX REL. FREDDIE JUHAN

RELATOR

vs.

## JUDGE JANET BURNSIDE

RESPONDENT

**JUDGMENT:**
WRIT DENIED

Writ of Mandamus
Motion No. 470774
Order No. 471609

**RELEASE DATE:** February 14, 2014

**FOR RELATOR**

Freddie Juhan
Inmate No. 621-122
Lake Erie Correctional Institution
501 Thompson Road
Conneaut, Ohio 44030


**ATTORNEYS FOR RESPONDENT**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: James E. Moss
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., J.:

{¶1} On December 3, 2013, the relator, Freddie Juhan, commenced this mandamus action against the respondent, Judge Janet Burnside, to compel the judge to rule on a motion for jail-time credit that Juhan filed on June 11, 2013, in the underlying case, *State v. Juhan*, Cuyahoga C.P. No. CR-548303. On December 17, 2013, the respondent judge moved for summary judgment, inter alia, on the grounds of mootness. Juhan filed his response to the motion for summary judgment on January 8, 2014. For the following reasons, this court grants the judge's dispositive motion and denies the application for a writ of mandamus.

{¶2} In the underlying case in late November 2011, a jury found Juhan guilty of domestic violence, and the judge sentenced him to 36 months in prison. The judge also granted him 264 days of jail-time credit. On June 11, 2013, Juhan filed the subject motion for jail-time credit and asked for an additional 66 days of credit. On June 21, 2013, the respondent judge issued a journal entry denying the subject motion explaining that the defendant was given full credit at the time of sentencing. Juhan apparently never received a copy of this entry and commenced the instant mandamus action.[1]

{¶3} The June 21, 2013 entry establishes that this mandamus action is moot. The

---

[1] The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief and (3) there must be no adequate remedy at law. Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused. *State ex rel. Ney v. Niehaus*, 33 Ohio St.3d 118, 515 N.E.2d 914 (1987). Mandamus is not a substitute for appeal. *State ex rel. Keenan v. Calabrese*, 69 Ohio St.3d 176, 631 N.E.2d 119 (1994); and *State ex rel. Pressley v. Indus. Comm. of*

respondent judge has fulfilled her duty to resolve the motion, and Juhan has received the relief to which he was entitled, a ruling on his motion. Relief is not warranted.

{¶4} Accordingly, this court grants the judge's motion for summary judgment and denies the application for a writ of mandamus. Relator to pay costs. This court directs the clerk of court to serve all parties notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶5} Writ denied.

---

LARRY A. JONES, SR., JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
MELODY J. STEWART, J., CONCUR

---

*Ohio*, 11 Ohio St.2d 141, 228 N.E.2d 631 (1967), paragraph three of the syllabus.