DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal comes to us from a judgment issued by the Huron County Court of Common Pleas, following a jury verdict finding appellant guilty of possession and sale of marijuana. Because we conclude that the trial court conducted an adequate inquiry of appellant and properly accepted her waiver of the potential conflict of interest in being represented by the same attorney as her husband, we affirm. *Page 2 
 {¶ 2} Appellant, Dalia Garcia, was indicted on three counts: Counts I and II, selling a controlled substance, in violation of R.C.2925.03(A)(1) and (C)(3)(c) and Count III, possession of a controlled substance, in violation of R.C. 2925.11(A) and (C) (3)(f). The charges stemmed from events related to appellant's alleged possession and sale of marijuana from her home. Appellant's husband and brother were also charged. Each defendant had separate appointed counsel. All three initially pled not guilty. On September 16, 2005, during plea negotiations, the state offered appellant, the mother of six children, the opportunity to plead to a lesser charge, with a chance of a two to three year prison sentence with post-release community control. This agreement was contingent, however, upon a "package deal," that appellant's husband would agree to plead guilty and receive a jointly recommended seven year prison sentence.
 {¶ 3} On September 19, 2005, two days before his trial was to begin, appellant's husband notified the court that he had terminated his court appointed counsel, and hired Thomas Nicholson. On September 20, 2005, the court conducted a hearing as to appellant's and her husband's counsels' motions to withdraw and waiver of conflict. After inquiring of the parties, the trial court granted the motions to withdraw and the entry of appearance of Nicholson as the attorney for both parties.
 {¶ 4} On November 1, 2005, evidence was presented at appellant's jury trial. The jury ultimately found her guilty on all three counts. Appellant was sentenced to three years incarceration on each of Counts I and II, and eight years mandatory incarceration on Count III, with all sentences to run concurrently. *Page 3 
 {¶ 5} Appellant now appeals from that judgment, arguing the following four assignments of error:
 {¶ 6} "Assignment of Error No. I:
 {¶ 7} "Appellant was irrevocably denied her Sixth Amendment fight to conflict-free effective assistance of counsel during all plea bargaining stages prior to trial, in violation of the Due Process Clause of the U.S. Constitution.
 {¶ 8} "Assignment of Error No. II:
 {¶ 9} "Appellant was irrevocably denied her Sixth Amendment fight to conflict-free effective assistance of counsel for any possible plea bargain efforts during trial, in violation of the Due Process Clause of the U.S. Constitution.
 {¶ 10} "Assignment of Error No. III:
 {¶ 11} "Appellant was irrevocably denied her Sixth Amendment fight to conflict-free effective assistance of counsel during trial, in violation of the Due Process Clause of the U.S. Constitution.
 {¶ 12} "Assignment of Error No. IV:
 {¶ 13} "Appellant's purported waiver of conflict-free dual representation without detailed judicial inquiry requiring narrative responses from appellant and dual representative counsel was not a knowing, intelligent, and voluntary waiver, in violation of appellant's right to due process of law under the U.S. Constitution." *Page 4 
 I. {¶ 14} We will first address appellant's fourth assignment of error. Appellant essentially argues that the trial court failed to adequately inquire of appellant regarding her waiver of the inherent conflict of dual representation by counsel and that the trial court improperly accepted her waiver. We disagree.
 {¶ 15} "Where there is a right to counsel, the Sixth Amendment to the United States Constitution guarantees that representation shall be free from conflicts of interest." State v. Dillon (1995), 74 Ohio St.3d 166,167. Both defense counsel and the trial court are under an affirmative duty to ensure that a defendant's representation is conflict free. Id. The trial court's duty arises only when the court knows or reasonably should know a particular conflict of interest exists, or when the defendant objects to multiple representation. State v. Manross (1988),40 Ohio St.3d 180, 181.
 {¶ 16} When a party alerts the court to a potential conflict of interest, the trial court then has a duty to inquire whether a conflict actually exists. State v. Gillard (1992), 64 Ohio St.3d 304, syllabus. Once the court has ascertained that an actual or potential conflict exists, it must inform the defendant of the possible conflict-of-interest ramifications and secure his voluntary agreement to the representation on the record. Id.; State v. Johnson (1980),70 Ohio App.2d 152, 160. The trial court is not required to reject such a waiver, although it may, in its discretion, do so. Dillman, supra, at 621.
 {¶ 17} In this case, the basic issues are, first, whether the trial court made adequate inquiry after being apprised of the potential for conflict and, second, whether appellant *Page 5 
understood her rights and voluntarily, knowingly and intelligently waived them. The record shows that the court was aware of and did, in fact, inquire of appellant to determine whether she understood her rights and the potential for conflict of interest in having the same attorney as her husband. When discussing the conflict issues, the court questioned each of the defendants and addressed the inherent difficulties in multiple representation. The record indicates that appellant voluntarily, knowingly, and intelligently waived the conflict issue, both in open court and in writing.
 {¶ 18} Appellant suggests that the colloquy with the court was not meaningful, that she did not understand, or that she waived her rights while under some form of duress. While we are mindful that coercion in such circumstances may occur, nothing in the record itself suggests that appellant did not understand the import of her actions or that she was under duress. Any coercion that may have taken place outside the record is a potential matter for post conviction relief, and may not be addressed on direct appeal. Therefore, we conclude that appellant's waiver of the potential for conflict was properly accepted by the trial court.
 {¶ 19} Appellant's fourth assignment of error is not well-taken.
 II. {¶ 20} Appellant essentially argues in her three remaining assignments of error that the conflict of interest issue tainted all aspects of her trial and violated her right to effective assistance of counsel. *Page 6 
 {¶ 21} In order to establish a violation of the Sixth Amendment right to effective assistance of counsel, a defendant who fails to object to joint representation at trial must demonstrate that an actual conflict of interest adversely affected her lawyer's performance. Cuyler v.Sullivan (1980), 446 U.S. 335, 348; State v. Manross (1988),40 Ohio St.3d 180, 182. A lawyer represents conflicting interests when, on behalf of one client, it is his duty to contend for that which duty to another client requires him to oppose. Columbus Bar Assn. v. Grelle
(1968), 14 Ohio St.2d 208, 211; Manross, supra, at 182. A reviewing court cannot presume that the mere possibility of a conflict resulted in ineffective assistance of counsel. Manross, supra, at 182. A possible conflict of interest is inherent in almost all instances of joint or multiple representation. Cuyler, supra. An actual conflict of interest must be shown. State v. Gillard (1992), 78 Ohio St.3d 548, 552.
 {¶ 22} A possible conflict of interest exists where the interests of the defendants may diverge at some point, so as to place the attorney under inconsistent duties, but an actual conflict of interest is shown where during the course of the representation the defendants' interests do diverge with respect to a material factual or legal issue or to a course of action. Gillard, supra, at 552-553. In order to demonstrate an actual conflict of interest based upon what an attorney has failed to do, a defendant must demonstrate that some plausible alternative defense strategy or tactic that has sufficient substance to be at least viable might have been pursued but was not undertaken due to the attorney's conflicting loyalties or interests. Gillard, supra, at 553. However, "[t]here is no conflict where the two defenses did not result in one [defendant's] assigning blame to the other *Page 7 
and where both defendants had a common interest in attacking the credibility of the prosecution witnesses." Manross, supra, at 182.
 {¶ 23} On the issue of counsel's effectiveness, the appellant has the burden of proof, since in Ohio a properly licensed attorney is presumably competent. See Vaughn v. Maxwell (1965), 2 Ohio St.2d 299,301; State v. Williams (1969), 19 Ohio App.2d 234, 237.
 {¶ 24} Moreover, in addition to showing that her counsel was rendered ineffective by the alleged conflict of interest, appellant must also demonstrate that she was thereby prejudiced. See State v. Bradley
(1989), 42 Ohio St.3d 136, 142; Strickland v. Washington (1984),466 U.S. 668, 687 (to prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate that counsel's performance was deficient and that, absent counsel's errors, the result of the trial would have been different).
 {¶ 25} In this case, although a potential for conflict may have existed, appellant has not demonstrated that any actual conflict arose. Appellant contends that an inherent "conflict" interfered with her representation during trial and the possibility of a plea agreements. We can find nothing in the record to support this contention.
 {¶ 26} Prior to the dual representation, while appellant was still represented by separate counsel, the "package deal" offered to appellant was contingent upon her husband also accepting his "deal." Since her husband was not willing to plead and take the plea agreement offered, even if appellant had kept her separate counsel, she could not have taken advantage of the deal originally offered to her and the possibility of a reduced *Page 8 
sentence. No further plea agreements were offered during trial and her husband did not testify against her. Furthermore, nothing in the record indicates that appellant's counsel failed to pursue a defense or line of questioning because of the dual representation.
 {¶ 27} Although we acknowledge that dual representation may often not be in the parties' best interests, we cannot say that anything in the record indicates appellant's conviction stemmed from a conflict of interest. Rather, the conviction was based upon overwhelming evidence presented that appellant had an active part in possession of and selling marijuana.
 {¶ 28} Appellant also contends that her lawyer should have been required to demonstrate on the record that he had explained the potential for conflict to her. No such requirement exists, however, especially where the trial court recognizes and inquires about the potential for conflict and the defendant waives any conflict. Thus, even presuming that appellant could demonstrate that counsel's representation was ineffective, appellant has failed to show any prejudice, since nothing in the record indicates that an actual conflict arose during appellant's trial. Therefore, we conclude that appellant was not deprived of her constitutional right to effective assistance of counsel either at trial or for the purposes of obtaining a plea agreement.
 {¶ 29} Accordingly, appellant's first, second, and third assignments of error are not well-taken.
 {¶ 30} The judgment of the Huron County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for *Page 9 
the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Huron County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski, P.J., William J. Skow, J., George M. Glasser, J., CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio. *Page 1