[Cite as *State v. Haugabrook*, 2016-Ohio-5838.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 103693**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## RUSSELL T. HAUGABROOK

DEFENDANT-APPELLANT

**JUDGMENT:**
VACATED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-589774-A

**BEFORE:**  Kilbane, J., Jones, A.J., and Boyle, J.

**RELEASED AND JOURNALIZED:**  September 15, 2016

**ATTORNEYS FOR APPELLANT**

John D. Mizanin, Jr.
Harvey B. Bruner
Harvey B. Bruner & Co.
700 W. St. Clair Avenue
Suite 110
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
Patrick J. Lavelle
Assistant County Prosecutor
The Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

{¶1} Defendant-appellant, Russell T. Haugabrook ("Haugabrook"), appeals from his guilty plea and sentence for drug trafficking, arguing that the trial court breached its duty to inquire into the conflict of interest in the dual representation of Haugabrook and his wife, Jada Warmington ("Warmington"). For the reasons set forth below, we vacate his convictions and remand to the trial court to obtain a voluntary, knowing, and intelligent waiver of the conflict of interest.

{¶2} In October 2014, Haugabrook and codefendants, Warmington and Jason Houser ("Houser"), were charged in a four-count indictment.[1] Count 1 charged each of them with the illegal manufacture of drugs or the cultivation of marijuana. Count 2 charged each of them with trafficking marijuana. Count 3 charged each of them with drug possession. Count 4 charged each of them with possessing criminal tools. Each count carried several forfeiture specifications, and Counts 1-3 also carried a one-year firearm specification.

{¶3} Haugabrook and his wife, Warmington, retained the same attorney to represent them in the matter. In April 2015, the trial court held a hearing at which Haugabrook and Warmington entered into a package plea agreement with the state of Ohio. Prior to the plea colloquies, the trial court asked defense counsel about his clients' waiver of their right to separate counsel. Haugabrook expressed his reservations about

---

[1]As of the release date of this opinion, Warmington and Houser have not filed an appeal.

proceeding with dual representation. The court then took a recess so that Haugabrook and Warmington could discuss the matter with defense counsel. When the parties reconvened, both Haugabrook and Warmington stated that they waive any potential conflict with the dual representation. The trial court then proceeded with the plea hearing. Haugabrook pled guilty to drug trafficking (Count 2), which was amended to list the amount of marijuana involved as equaling or exceeding 20,000 grams, but less than 40,000 grams. The count as originally charge listed the amount of marijuana involved as equal to or exceeding 40,000 grams. In addition, the one-year firearm specification was deleted, but the forfeiture specifications remained. In exchange, the remaining counts and specifications were nolled.

{¶4} Prior to sentencing, Haugabrook and Warmington retained new defense counsel to represent them both. Defense counsel filed a motion to withdraw Haugabrook's guilty plea. The state opposed Haugabrook's motion. Prior to sentencing, defense counsel withdrew the motion. The court then proceeded with sentencing. The court sentenced Haugabrook to the minimum mandatory sentence of five years in prison.

{¶5} Haugabrook now brings this delayed appeal, raising the following three assignments of error for review.

Assignment of Error One

The trial court breached its duty to inquire into a conflict of interest in the dual representation of [Haugabrook] and [Warmington].

Assignment of Error Two

[Haugabrook] received ineffective assistance of counsel due to the conflict.

Assignment of Error Three

[Haugabrook] received ineffective assistance of counsel at sentencing due to counsel's withdrawal of the motion to withdraw plea.

Dual Representation

{¶6} In the first assignment of error, Haugabrook argues the trial court breached its duty to inquire into a conflict of interest in the dual representation of Haugabrook and Warmington. Specifically, Haugabrook contends the court did not explore whether a conflict existed after he expressed his reservations with defense counsel.

{¶7} The Ohio Supreme Court has held that: "[w]here a trial court knows or reasonably should know of an attorney's possible conflict of interest in the representation of a person charged with a crime, the trial court has an affirmative duty to inquire whether a conflict of interest actually exists." *State v. Gillard*, 64 Ohio St.3d 304, 311, 1992-Ohio-48, 595 N.E.2d 878. Once the court has ascertained that a potential conflict exists, the trial court must alert the defendant to the possible consequences of the conflict and obtain a voluntary, knowing, and intelligent waiver of such a conflict. *State v. Garcia*, 6th Dist. Huron No. H-06-003, 2007-Ohio-1525, ¶ 16, *discretionary appeal not allowed*, 115 Ohio St.3d 1410, 2007-Ohio-4884, 873 N.E.2d 1315. The trial court has substantial latitude in determining the existence and waiver of an actual or potential conflict of interest. *State v. Keenan*, 81 Ohio St.3d 133, 137, 1998-Ohio-459, 689

N.E.2d 929. Therefore, "the standard of review for determining whether the court erred in its pretrial disqualification of defense counsel is whether it abused its broad discretion." *State ex rel. Keenan v. Calabrese*, 69 Ohio St.3d 176, 180, 631 N.E.2d 119 (1994). "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" (Citations omitted.) *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 404 N.E.2d 144 (1980).

{¶8} We note that the Sixth Amendment right to effective assistance of counsel secures to a criminal defendant both the right to competent representation and the right to representation that is free from conflicts of interest. *Wood v. Georgia*, 450 U.S. 261, 271, 101 S.Ct. 1097, 67 L.Ed.2d 220 (1981); *Glasser v. United States*, 315 U.S. 60, 70, 62 S.Ct. 457, 86 L.Ed. 680 (1942). Courts have an "independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them." *Wheat v. United States*, 486 U.S. 153, 160, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988).

{¶9} In *Glasser*, the United States Supreme Court explained:

Upon the trial judge rests the duty of seeing that the trial is conducted with solicitude for the essential rights of the accused. Speaking of the obligation of the trial court to preserve the right to jury trial for an accused, Mr. Justice Sutherland said that such duty "is not to be discharged as a matter of rote, but with sound and advised discretion, with an eye to avoid unreasonable or undue departures from that mode of trial or from any of the essential elements thereof, and with a caution increasing in degree as the offenses dealt with increase in gravity." *Patton v. United States*, 281 U.S. 276, 312-313, [50 S.Ct. 253, 74 L.Ed. 854 (1930)]. The trial court should protect the right of an accused to have the assistance of counsel. "This

protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused. While an accused may waive the right to counsel, whether there is a proper waiver should be clearly determined by the trial court, and it would be fitting and appropriate for that determination to appear upon the record." *Johnson v. Zerbst*, 304 U.S. 458, 465, [58 S.Ct. 1019, 82 L.Ed. 1461 (1938)].

*Id.* at 71.

{¶10} In the instant case, Haugabrook and his wife appeared before the trial court to proceed with their respective guilty pleas. At this joint plea hearing, the state outlined the packaged plea deal offered to both Haugabrook and his wife. As part of the packaged plea, both defendants had to agree to the deal. The state further asked the court to place on the record the fact that the defendants waived any conflict of interest by having the same attorney represent them. The trial court then asked defense counsel to "put on the record your clients' waiver of their right for separate counsel, that they acknowledge any potential conflicts and waive those conflicts on the record." Defense counsel responded:

We will do that. I've been working with the husband and wife on this particular case since the inception. I believe I arraigned both of them. I worked with the prosecutor, assistant county prosecutor * * * in the interest of both of the clients, and it is my understanding that I've been representing these two clients since the inception of trial, inception of the case short of trial.

{¶11} The following exchange then took place:

THE COURT: Okay. Mr. Haugabrook, Miss Warmington, do you understand that I want you to say in open court you do waive any potential conflicts associated with having [defense counsel] represent both of you in this case?

DEFENDANT HAUGABROOK:   No, I don't.

DEFENDANT WARMINGTON:   No.   No.

THE COURT:   Okay.   So you're not wanting separate counsel then, is that what you're telling me?

DEFENDANT HAUGABROOK:   I mean could he help her and then I just find me some new counsel?

THE COURT:   You know, [defense counsel], why don't you talk with your clients for a moment because it doesn't sound like — it sounds like we might have an issue here.

{¶12} At that point, Haugabrook stated that there are " a lot of issues." Haugabrook explained he had a problem with the forfeiture of items "that didn't have nothing to do with none of this." He stated that his "wife had nothing to do with this," nor did his truck, car, or his computer. Haugabrook further stated that defense counsel could represent his wife, but he wanted to find different defense counsel because "I will stand up here and tell you everything that I did and everything that I've done, but [Warmington] had nothing to do with this. Nothing."

{¶13} Defense counsel then stated, "In retrospect, judge, because of her less involvement in this case, she is getting a plea deal." The court replied:

And I can see that from what's been offered on the record. I think we have a problem here. I think we have a problem here. I'm not going to go forward if you guys are telling me that you aren't going to waive a potential conflict with having one attorney represent both of you.

The court asked Haugabrook if he could afford a new attorney. Haugabrook replied, "[n]o, but my family said they will try and help me. I mean I'm trying. I mean at this point I'm indigent, judge. I don't have any money."

**{¶14}** The court then stated:

> You know my issue is this case has been going on since October, and my bailiff is telling me every time you come in for a pretrial, there was no issue with the dual representation. Now three, four, five days before trial, we have an issue.
>
> Well, I'm not real comfortable about that. This case has been going on for a long time now, and I understand. If we have an issue, we have to take care of it but obviously we're not going to go forward with this plea hearing today unless something changes.
>
> We have a trial date. We have a trial date of April 27th. It's been set since February.

**{¶15}** Haugabrook requested a continuance because "they're saying I'm getting a whole bunch of conflict and things going on." He also expressed his desire to reweigh the confiscated marijuana. The trial court then explained to Haugabrook and his wife that the trial date would remain set for April 27, 2015. The court stated:

> Your trial date will remain set. You have until then to get a new lawyer if you want to who can then file an appearance, but this all has to be done on your behalf.
>
> Now Miss Warmington, I don't know what to do with you here. We seem to have an issue this is a packaged plea deal. We can't do one without the other. You need to talk with your attorney * * *, both of you do[,] to figure out what you want to do, but the trial date is going to remain set.
>
> * * *
>
> You know, you're not telling me ["]I have a new lawyer[".] You are just telling me right now you don't want to share this lawyer and that you don't want to enter this plea, and that is absolutely fine.
>
> If we need to go to trial, this Court is happy to do so but I'm not moving that date so you need to act quickly. Have a very frank discussion with [defense counsel] with your wife. Figure out what's best for both of you,

and if you need to hire another attorney, or ask the Court to appoint counsel, file an affidavit of indigency and we will move forward from that point.

{¶16} The trial court then took a recess so that Haugabrook and Warmington could discuss the matter with defense counsel. When they reconvened before the trial court, the court explained that it would continue the plea hearing where it left off, which was at the point where it had asked defendants to waive any potential conflict on the record. Both Haugabrook and his wife replied, "I waive." The court then noted that the parties were "pretty nervous." The court asked Haugabrook's wife, "are you okay? You're visibly shaken." Haugabrook's wife responded, "[n]o." The court told her to "take a couple of deep breaths," and to let the court know if she needed "a minute." The court then proceeded to conduct the Crim.R. 11 plea hearing, where both parties plead guilty to the amended indictment.

{¶17} Under the circumstances of the instant case, where Haugabrook represented to the court that he had reservations with defense counsel representing both him and his wife because his wife was innocent and they were both subject to a package deal, the trial court erred by not explaining to Haugabrook the risks of dual representation, as well as the fact that he had a constitutional right to effective representation free of conflicts. If it had done so, the court could have ensured that Haugabrook fully understood his rights, and that Haugabrook was waiving the potential conflict of interest voluntarily, knowingly, and intelligently.

{¶18} Accordingly, the first assignment of error is sustained.

Ineffective Assistance of Counsel

**{¶19}** In the second and third assignments of error, Haugabrook contends that both his initially retained defense counsel and subsequent defense counsel were ineffective.

**{¶20}** Based on our disposition of the first assignment of error, however, we overrule the second and third assignments of error as moot.   App.R. 12.

**{¶21}** Accordingly, the judgment is vacated and the matter is remanded for the trial court to fulfill its affirmative duty to obtain a voluntary, knowing, and intelligent waiver of the conflict of interest.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, JUDGE

LARRY A. JONES, SR., A.J., and
MARY J. BOYLE, J., CONCUR