[Cite as *State v. King*, 2018-Ohio-4780.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 106709**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**JERMAINE KING**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-17-621804-A

**BEFORE:** E.T. Gallagher, J., E.A. Gallagher, A.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** November 29, 2018

Mary Catherine Corrigan
Jordan Sidoti, L.L.P.
50 Public Square
Terminal Tower, Suite 1900
Cleveland, Ohio 44113

Eric Norton
Norton Law Firm Co., L.P.A.
12434 Cedar Road
Cleveland, Ohio 44106


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

BY:    Mary Weston
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, J.:

{¶1} Defendant-appellant, Jermaine King, appeals from the trial court's judgment denying his motion to withdraw his guilty plea. He raises the following assignment of error for review:

1. The trial court erred by denying appellant's motion to vacate guilty plea.

{¶2} After careful review of the record and relevant case law, we affirm the trial court's judgment.

## I.  Procedural and Factual History

{¶3} In September 2017, King was named in a four-count indictment, charging him with attempted rape in violation of R.C. 2923.02 and 2907.02(A)(2); rape in violation of R.C.

2907.02(A)(2); rape in violation of R.C. 2907.02(A)(2); and kidnapping in violation of R.C. 2905.01(A)(4), with a sexual motivation specification.

{¶4} In December 2017, King withdrew his previously entered plea of not guilty and entered a plea of guilty to rape, as charged in Count 3 of the indictment. The remaining counts were nolled. Following a Crim.R. 11 plea colloquy, the trial court accepted King's plea and found him guilty of rape. Before sentencing, however, King filed a motion to withdraw his plea. In the motion, King alleged that he "did not fully comprehend what he was pleading to" because "he was given the medication, Zoloft, prior to entering his plea."

{¶5} At the onset of the motion to withdraw hearing, the trial court stated that based on the argument raised in King's motion, it contacted the county jail psychiatric unit to determine what medications King was prescribed, whether he was compliant with those medications, and whether the side effects of the medication would impair the validity of his plea. The court stated that it learned from staff members at the psychiatric unit that King was compliant with his Zoloft medication, but that "the side effects that [King] was complaining of * * * are not side effects of that medication." The court stated that the medication "wouldn't cause drowsiness or inability to understand what was going on." Thereafter, the court provided the parties with the opportunity to be heard.

{¶6} With respect to the trial court's statements, counsel for King maintained that King was entitled to withdraw his guilty plea because King "feels that he was not in his right mind" at the time he entered his plea. Counsel advised the court that after King entered his guilty plea, he mentioned to counsel that he "really [didn't] understand what was going on" in his case.

{¶7} At the conclusion of the hearing, the trial court denied King's motion to withdraw his guilty plea, stating, in relevant part:

After reading basically through the entire plea colloquy now on the record and holding this hearing I do not believe that grounds exist to vacate the plea. So I'm not going to permit that to happen so the plea stands.

The matter proceeded to sentencing, and the trial court imposed a seven-year term of imprisonment.

**{¶8}** King now appeals from the trial court's judgment.

## II. Law and Analysis

**{¶9}** In his sole assignment of error, King argues the trial court erred by denying his motion to withdraw his guilty plea.

**{¶10}** Under Crim.R. 32.1, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

**{¶11}** In general, "a presentence motion to withdraw a guilty plea should be freely and liberally granted." *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). It is well established, however, that "[a] defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. A trial court must conduct a hearing to determine whether there is a reasonable legitimate basis for the withdrawal of the plea." *Id.* at paragraph one of the syllabus.

**{¶12}** The decision to grant or deny a presentence motion to withdraw is within the trial court's discretion. *Id.* at paragraph two of the syllabus. Absent an abuse of discretion, the trial court's decision must be affirmed. *Id.* at 527. An abuse of discretion requires a finding that the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶13}** A trial court does not abuse its discretion in denying a motion to withdraw the plea where a defendant was (1) represented by competent counsel, (2) given a full Crim.R. 11 hearing before he entered a plea, (3) given a complete hearing on the motion to withdraw, and (4) the record reflects that the court gave full and fair consideration to the plea withdrawal request. *State v. Peterseim*, 68 Ohio App.2d 211, 428 N.E.2d 863 (8th Dist.1980), paragraph three of the syllabus.

**{¶14}** This court has also set forth additional factors to consider, including whether (5) the motion was made in a reasonable time, (6) the motion states specific reasons for withdrawal, (7) the accused understood the nature of the charges and the possible penalties, and (8) the accused was perhaps not guilty or had a complete defense. *State v. Benson*, 8th Dist. Cuyahoga No. 83178, 2004-Ohio-1677, ¶ 9, citing *State v. Pinkerton*, 8th Dist. Cuyahoga Nos. 75906 and 75907, 1999 Ohio App. LEXIS 4453 (Sept. 23, 1999); *State v. Fish*, 104 Ohio App.3d 236, 661 N.E.2d 788 (1st Dist.1995).

**{¶15}** In this case, King's motion to withdraw was made in a reasonable time and set forth specific reasons for withdrawal. King does not make a protestation of innocence; nor does he dispute that he was given a full Crim.R. 11 hearing before he entered his plea. On appeal, however, King argues the trial court abused its discretion by denying his motion to withdraw because he was not represented by highly competent counsel during the plea hearing. King further argues that he was not given a complete hearing on his motion to withdraw, and that the trial court did not give full and fair consideration to his plea withdrawal request.

**{¶16}** Regarding the competency of counsel, King contends that counsel rendered ineffective assistance of counsel during the plea stage by failing "to evaluate or ask his client whether or not he understood the nature of what was occurring." King relies on the following

statement made by counsel during the motion to withdraw hearing to establish that counsel should have taken further action during the plea hearing to ensure that King fully understood the nature of his guilty plea:

> DEFENSE COUNSEL: [King] was somewhat compliant [during the plea hearing] — [he] did understand what we were talking about, but maybe not totally. * * * You know, afterwards when he was back in the — after court after he pled guilty, he mentioned to me at the time the fact that he doesn't really understand what was going on even after we spent some time together when I went over the plea with him. So maybe I should have brought that to the Court's attention prior to taking the plea; which I did not. I thought he understood but possibly not so I'm a little concerned about the fact that it is a very serious case.

{¶17} After careful review, we are unable to conclude that King was not represented by highly competent counsel during the plea hearing. While King may have expressed some confusion during a private conversation with counsel *after* the plea hearing concluded, the record reflects that counsel spent time with King prior to the plea and carefully "went over the plea with him." In fact, counsel admitted that he believed King understood the nature of his plea based on their conversations prior to the plea hearing. In addition, King's understanding of the plea and its consequences is supported by his statements during the plea hearing. The record reflects that the trial court explained to King the effect of a guilty plea, the nature of the charges at issue, the potential penalties he faced, and the constitutional rights he was waiving by pleading guilty. King repeatedly stated that he understood the court's advisements and confirmed to the court that no threats or promises had been made to him in exchange for his plea. He further stated that while he was taking medication, he was thinking clearly and "underst[ood] everything that [was] happening." At no time did King express that he did not understand the matters of which he was advised. Under the totality of these circumstances, we find the record does not support King's vague contention that "counsel's advocacy was less than competent." Rather, the record reflects

that King knowingly, voluntarily, and intelligently entered his guilty pleas after he was afforded a sufficient Crim.R. 11 colloquy.

{¶18} King next argues that he was not given a complete hearing on his motion to withdraw because the court was "seemingly unwilling to give impartial consideration to counsel's concerns regarding King's understanding of his plea." In essence, King contends that once the trial court determined that Zoloft had not impaired King's ability to comprehend, the court failed to give adequate consideration to counsel's performance during the plea hearing.

{¶19} Viewing the transcript of the proceedings in its entirety, we find King was afforded a complete and impartial hearing on his motion to withdraw. The record does not support King's contention that the trial court did not sufficiently consider counsel's statement that King expressed confusion about the status of his case after the plea hearing concluded. To the contrary, the trial court permitted counsel to set forth arguments on behalf of King, including references to King's conversations with counsel after the plea hearing occurred. Ultimately, however, the court determined that King's alleged confusion or misunderstanding of his plea was not supported by the plea hearing transcript. Accordingly, we find the court's decision was not the product of impartial consideration. Rather, the trial court's judgment was rendered after careful consideration of the plea colloquy and upon confirmation from the administrator's of King's medication that "confusion is not a side effect of Zoloft."

{¶20} Finally, King contends that the trial court did not give full and fair consideration to his plea withdrawal request. Again, King argues that the trial court's judgment did not adequately consider the deficiencies in counsel's performance during the plea stage and, instead, depended "solely on the emails and investigation [the court] had done into the impact of Zoloft." For the reasons previously stated, we find the trial court gave full and fair consideration to

King's plea withdrawal request. In this case, the trial court conducted a full hearing, heard arguments from the parties, reviewed the full transcript of the plea hearing, and carefully considered its communications with the jail psychiatric unit regarding King's medications. Ultimately, the trial court found King's argument to be baseless, noting that the record did not support King's position that his prescription medication interfered with his ability to make a knowing, intelligent, and voluntary plea. The trial court's conclusion is consistent with decisions of this court. *See State v. Senich*, 8th Dist. Cuyahoga No. 82581, 2003-Ohio-5082, ¶ 25 ("The mere fact that a defendant was on medication is not an indication that his or her plea was not knowing and voluntary."), citing *State v. Roberson* , 8th Dist. Cuyahoga No. 66523, 1995 Ohio App. LEXIS 110 (Jan. 19, 1995); *State v. Bowen*, 8th Dist. Cuyahoga Nos. 70054 and 70055, 1996 Ohio App. LEXIS 5612 (Dec. 12, 1996); *State v. Bembrey*, 8th Dist. Cuyahoga No. 59155, 1991 Ohio App. LEXIS 4358 (Sept. 19, 1991).

{¶21} Based on the foregoing, we find King was represented by highly competent counsel at the time of the plea, was given a full Crim.R. 11 hearing before entering his pleas, was afforded a complete and impartial hearing on his motion to withdraw, and the trial court gave full and fair consideration to the plea withdrawal request. Additionally, there is nothing in the record to suggest the trial court misapplied the *Peterseim* standard or otherwise acted unjustly or unfairly regarding the additional, relevant factors developed by the court. Accordingly, we find the trial court did not abuse its discretion in denying King's motion to withdraw his guilty plea.

{¶22} King's sole assignment of error is overruled.

{¶23} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

EILEEN A. GALLAGHER, A.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR