[Cite as *State v. Smith*, 2019-Ohio-631.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 107031**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**KENNETH W. SMITH**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-17-613973-A

**BEFORE:** Celebrezze, J., Boyle, P.J., and Yarbrough, J.*

**RELEASED AND JOURNALIZED:** February 21, 2019

ATTORNEYS FOR APPELLANT

Mark Stanton
Cuyahoga County Public Defender
BY:    David Martin King
Assistant Public Defender
Courthouse Square, Suite 200
310 Lakeside Avenue
Cleveland, Ohio 44113


ATTORNEYS FOR APPELLEE

Michael C. O'Malley
Cuyahoga County Prosecutor
BY:    Kristin M. Karkutt
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113
FRANK D. CELEBREZZE, JR., J.:

{¶1} Defendant-appellant, Kenneth Smith ("appellant"), brings this appeal challenging his convictions for gross sexual imposition ("GSI").   Specifically, appellant argues that he was denied the right to counsel, his plea was not knowingly, intelligently, and voluntarily entered, the trial court erred in denying his motion to withdraw his guilty plea, and that he was denied the effective assistance of counsel.   After a thorough review of the record and law, this court affirms.

## I. Factual and Procedural History

{¶2} On February 21, 2017, appellant was charged in an eight-count indictment with the following counts:   (1) rape, in violation of R.C. 2907.02(A)(1)(b); (2) GSI, in violation of R.C. 2907.05(A)(4); (3) kidnapping, in violation of R.C. 2905.01(A)(4) with a sexual motivation specification in violation of R.C. 2941.147(A); (4) kidnapping, in violation of R.C.

2905.01(A)(4) with a sexual motivation specification in violation of R.C. 2941.147(A); (5) rape, in violation of R.C. 2907.02(A)(1)(b) with a sexual motivation specification in violation of R.C. 2941.147(A); (6) kidnapping, in violation of R.C. 2905.01(A)(4) with a sexual motivation specification in violation of R.C. 2941.147(A); (7) rape, in violation of R.C. 2907.02(A)(2); and (8) kidnapping, in violation of R.C. 2905.01(A)(4) with a sexual motivation specification in violation of R.C. 2941.147(A).

{¶3} Appellant was essentially a stepfather to the victim, having known the victim since she was at least six years old. The charges stemmed from appellant's forced sexual conduct with and forced sexual touching of the victim.

{¶4} Appellant's case was bound over from the Lakewood Municipal Court. Prior to arraignment and while appellant's case was being presented to the Cuyahoga County Grand Jury, appellant was represented by assigned counsel. However, on February 24, 2017, appellant was arraigned and the trial court assigned new counsel to appellant. At a May 24, 2017 pretrial hearing, appellant asked the trial court to disqualify his newly assigned counsel. Counsel indicated to the trial court that he and appellant had stark differences regarding how appellant's case should be defended. The trial court granted appellant's motion to disqualify counsel on May 30, 2017, and the trial court thereafter appointed a third attorney to represent appellant.

{¶5} Thereafter, appellant's counsel and the prosecuting attorney had ongoing plea deal discussions. Nevertheless, appellant, pro se, filed another motion to disqualify counsel. In addition, appellant filed several other motions, pro se, while being represented by counsel. The trial court found these motions to be moot because appellant had retained an attorney, appellant's fourth counsel, and on November 27, 2017, this attorney filed a notice of appearance.

**{¶6}** Appellant's counsel and the prosecuting attorney also had ongoing plea deal discussions. On January 24, 2018, at a pretrial hearing, the prosecuting attorney informed the trial court that the state had received multiple letters from an inmate at the Cuyahoga County jail named Alan Gillespie ("Gillespie"). The prosecuting attorney provided copies of these letters to appellant's counsel prior to the January 24, 2018 pretrial hearing.

**{¶7}** These letters to Gillespie detailed admissions by appellant of the alleged acts that constituted the charges in the indictment. Further, Gillespie stated in these letters that he had referred this attorney to appellant. This attorney had represented Gillespie in previous criminal matters, but was not presently representing Gillespie in any matters. It became apparent to the state, appellant's counsel, and the trial court that the handwriting in Gillespie's letters was similar, if not identical, to the handwriting in the handwritten pro se motions appellant had previously filed in the trial court. All parties agreed that Gillespie had seemingly assisted appellant in filing these handwritten motions. All parties also agreed that Gillespie had referred appellant to this attorney completely on Gillespie's own volition.

**{¶8}** At the January 24, 2018 pretrial hearing, the prosecuting attorney noted that she would not call Gillespie as a witness in the state's case-in-chief. However, if appellant did testify at trial, the state would then call Gillespie as a rebuttal witness. All parties recognized the potential conflict of interest if this scenario came to pass.

**{¶9}** After extensive plea negotiations up through and including the January 24, 2018 pretrial hearing, appellant pled guilty to an amended indictment. Appellant pled guilty to Count 2, GSI, in violation of R.C. 2907.05(A)(4), a third-degree felony, with a sexual motivation specification in violation of R.C. 2941.147(A). Counts 1 and 7, rape, were amended to GSI, in violation of R.C. 2907.05(A)(4), third-degree felonies. Count 5, rape, was also amended to

GSI, in violation of R.C. 2907.05(A)(4), a third-degree felony. The sexual motivation specification in violation of R.C. 2941.147(A), remained on Count 5. The remaining counts were nolled.

{¶10} Thereafter, appellant was sentenced on the four GSI counts. The trial court imposed a prison term of four years on each count. These four counts were run consecutive to each other for an aggregate prison term of 16 years.

{¶11} Appellant appeals his convictions and assigns four assignments of error for our review.

> I.   [Appellant] was denied due process and his right to counsel in violation of U.S. Constitution Amendments V, VI and XIV; and Ohio Constitution Art., I, Section 10.
>
> II.   The trial court erred when it did not determine that [appellant] understood the nature of the offenses, the effects of the plea, and that he was waiving certain constitutionally guaranteed trial rights by pleading guilty in violation of the Fifth, Sixth and Fourteenth Amendments to the U.S. Constitution and Ohio Crim.R. 11.
> III.   The trial court erred by denying [appellant's] motion to withdraw his plea in violation of the fifth and fourteenth amendments to the U.S. Constitution and Article I, Section 10 of the Ohio Constitution.
>
> IV.   [Appellant] was denied effective assistance of counsel in violation of the sixth and fourteenth amendments to the U.S. Constitution and Article I, Section 10 of the Ohio Constitution.

## II.   Law and Analysis

### A.   Right to Counsel

{¶12} In his first assignment of error, appellant argues that he was denied his right to counsel. More specifically, appellant argues that because there existed a potential conflict of interest with his counsel, he was denied his right to counsel.

{¶13} Where there is a right to counsel, the Sixth Amendment to the United States Constitution also guarantees that representation will be free from conflicts of interest. *Parma v.*

*Fonte,* 8th Dist. Cuyahoga No. 99147, 2013-Ohio-3804, ¶ 68, citing *State v. Dillon,* 74 Ohio St.3d 166, 167, 657 N.E.2d 273 (1995).

{¶14} In *State v. Gillard*, 64 Ohio St.3d 304, 595 N.E.2d 878 (1992), the Ohio Supreme Court stated:

> where a trial court knows or reasonably should know of an attorney's possible conflict of interest in the representation of a person charged with a crime, the trial court has an affirmative duty to inquire whether a conflict of interest actually exists. The duty to inquire arises not only from the general principles of fundamental fairness, but from the principle that where there is a right to counsel, there is a correlative right to representation free from conflicts of interest. Where a trial court breaches its affirmative duty to inquire, a criminal defendant's rights to counsel and to a fair trial are impermissibly imperiled and prejudice or "adverse effect" will be presumed.

(Citations omitted.)  *Id*. at 311-312.

{¶15}  "A trial court must determine whether an actual conflict of interest exists when the court learns of, or should have learned of, a potential conflict between defendants and their counsel."  *State v. Ashley*, 8th Dist. Cuyahoga No. 104305, 2017-Ohio-188, ¶ 12, citing *State v. Kelly*, 8th Dist. Cuyahoga Nos. 91875 and 91876, 2010-Ohio-432, ¶ 11.

> Once the court has ascertained that a potential conflict exists, the trial court must alert the defendant to the possible consequences of the conflict and obtain a voluntary, knowing, and intelligent waiver of such a conflict. *State v. Garcia*, 6th Dist. Huron No. H-06-003, 2007-Ohio-1525, ¶ 16. The trial court has substantial latitude in determining the existence and waiver of an actual or potential conflict of interest. *State v. Keenan*, 81 Ohio St.3d 133, 137, 1998-Ohio-459, 689 N.E.2d 929. Therefore, "the standard of review for determining whether the court erred in its pretrial disqualification of defense counsel is whether it abused its broad discretion." *State ex rel. Keenan v. Calabrese*, 69 Ohio St.3d 176, 180, 631 N.E.2d 119 (1994).

*State v. Haugabrook*, 8th Dist. Cuyahoga No. 103693, 2016-Ohio-5838, ¶ 7.

{¶16} In the instant matter, we note that the trial court thoroughly investigated the potential conflict of interest; if the matter proceeded to trial, and if appellant testified, then the

state would possibly call Gillespie as a rebuttal witness. Appellant's counsel stated the following at the January 24, 2018 change of plea hearing:

> I have had those conversation with [appellant]. We've discussed them in depth. I had him in the office for close to five hours on Sunday where we went over all of the evidence and revisited some of the strategic decisions, as well as the potential plea [deal]. I let him know that he would be having to waive conflict with regards to any plea he took, but if he decided to go to trial and — and he will, I think, admit himself, we did not use trial as leverage or me being taken off the case as leverage. He's trusted me throughout and so — says he trusts me at this point.
>
> He understands that I can only take him so far. He understands that this was probably the last day without — without really having to consider the import of what would occur if I had gotten out, which would have been, you know, hamstringing with the trial coming up, which we did not want to do.

(Tr. 128-129.)

{¶17} Furthermore, the following exchange was had between appellant and the trial court at the change of plea hearing:

> THE COURT: So, [appellant] let's just talk about that for a few minutes. Do you generally feel that you have an understanding of what both [the prosecuting attorney] and [counsel] were just indicating about this other individual, Gillespie?
>
> [Appellant]: Yes, I feel I do.
>
> THE COURT: Okay. Do you understand that — I know that you have retained [counsel], and you could have him continue to represent you, but there does exist a potential conflict of interest for him continuing — if he continues to represent you if we proceeded with trial. Do you understand that?
>
> [Appellant]: Pretty sure I do, sir.
>
> THE COURT: Okay. Well, let's talk about that a little bit more. You know, [the prosecuting attorney] has indicated that at least as of right now, we would — it would not be her intention to utilize [Gillespie] in her — in her case in chief at the time of trial.
>
> And if he would not testify in her case in chief, that, hypothetically, that would not have — [counsel] would not have a problem if he continued to represent you.

However, if you decided to testify on your own behalf, then that could potentially cause [Gillespie] to become an issue, which would then cause a conflict for [counsel].

So I think that's where we're saying that it would probably be the best course if you intended to proceed with trial that [counsel] would have to step down.

Do you understand that to be the situation?

[Appellant]:    Yes, sir.

(Tr. 130-131.)

{¶18} In our review of the record, we find that the record clearly demonstrates that the trial court addressed this potential conflict with all of the parties and sufficiently alerted appellant to the possible consequences of his counsel's representation if the matter proceeded to trial.

{¶19} We further find that the record also clearly demonstrates that the trial court obtained a valid waiver of the potential conflict of interest from appellant.   In this regard, we note the following exchange between the trial court and appellant at a pretrial hearing:

THE COURT:    All right.   However, I have been advised that there's an opportunity that you might have to change your plea today, and if that is the case, do you have any objection to proceeding in that fashion with [counsel], knowing all that you do know now about [Gillespie]?   Is it still your intention to have [appellant's counsel] represent you at this point in order to consider taking a plea?

[Appellant]:    I'm a little confused on something, sir.

THE COURT:    Okay.

[Appellant]:    You said something might come up today?

THE COURT:    I wasn't — maybe I misspoke.   I didn't think anything would necessarily come up today concerning [Gillespie].   The way that it could potentially come up, not today, but at trial, is two-fold.

One is the [s]tate has this evidence, and whether they choose to use it or not, that's up to them.   [The prosecuting attorney] is saying at this point in time if we were going to trial that [the prosecuting attorney] would not intend to use [Gillespie] and the letters that he has — that he wrote.

However, if you determined or you decided, along with [counsel], during the course of your trial that you would like to testify in your own behalf, then the information that the State has concerning [Gillespie] may come into play. The [s]tate may have the opportunity to cross-examine you concerning some of that information. So that's where it could become a conflict moving forward from today, but not about today. Does that answer your question?

[Appellant]: Yes, sir, thank you.

THE COURT: All right. Do you have any other questions of me about this issue or any other questions?

[Appellant]: Nothing I can think of right now, sir.

THE COURT: All right. Is it your intention to enter a change of plea then today?

[Appellant]: Yes, sir.

THE COURT: And is it your desire to have [counsel] continue to represent you along those lines?

[Appellant]: Yes, sir.

THE COURT: All right. Very good.

[Appellant]: I do want him to continue. You said no longer continue?

THE COURT: No. If I misspoke, then is it your intention to have him continue to represent you along the lines of this plea?

[Appellant]: Yes, sir. Thanks for explaining that. I misunderstood.

(Tr. 131-133.)

{¶20} Based on these facts, we find that the trial court thoroughly explained and alerted appellant to the possible consequences of the potential conflict. Moreover, we find that the trial court obtained a voluntary, intelligent, and knowing waiver of the potential conflict of interest from appellant. As such, we cannot say that the trial court abused it's broad discretion and erred when it did not disqualify appellant's counsel.

**{¶21}** Accordingly, appellant's first assignment of error is overruled.

## B.  Crim.R. 11

**{¶22}** In his second assignment of error, appellant argues that his guilty plea was not knowingly, intelligently, and voluntarily made.

**{¶23}** First, appellant does not contend that the trial court failed to inform him of the numerous Crim.R. 11 plea colloquy requirements.   Pursuant to Crim.R. 11(C)(2):

> In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
>
> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
>
> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
>
> (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

Nevertheless, in our independent review of the plea hearing transcript, we find that the trial court complied with the above Crim.R. 11(C)(2) requirements, and therefore, appellant's plea was knowingly, intelligently, and voluntarily entered in this regard.

**{¶24}** In support of his argument, appellant reiterates his same conflict of interest arguments presented in his first assignment of error.   To this end, appellant argues that "circumstances [in the plea hearing proceedings] clearly indicat[e] a deep fundamental flaw in the proceedings."   Appellant argues that his guilty plea was not knowingly, intelligently, and

voluntarily entered because his counsel was compromised by the conflict and that the trial court misinformed appellant of the conflict.

{¶25} Based on our resolution of appellant's first assignment of error, we find no merit to appellant's Crim.R. 11 arguments. Moreover, appellant has not in any way demonstrated that he was prejudiced by this potential conflict of interest. "'A defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect.'" *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 15, quoting *State v. Nero*, 56 Ohio St.3d 106, 564 N.E.2d 474 (1990). In order to demonstrate prejudice, a defendant must establish that he would not have plead guilty. *Nero* at 108. Appellant presents no evidence demonstrating that he was in any way prejudiced: that his plea otherwise would not have been made.

{¶26} Accordingly, appellant's second assignment of error is overruled.

### C.   Motion to Withdraw Guilty Plea

{¶27} In his third assignment of error, appellant argues that the trial court erred in denying his motion to withdraw his guilty plea. At the sentencing hearing, prior to addressing the trial court with regards to the sentencing, appellant's counsel informed the trial court that appellant wished to withdraw his guilty plea. After considering the merits of appellant's arguments relative to the oral motion to withdraw his guilty plea, the trial court denied the motion.

{¶28} A motion to withdraw a guilty plea is governed by Crim.R. 32.1, which provides in relevant part, that "[a] motion to withdraw a plea of guilty or no contest may be made only before a sentence is imposed[.]" In general, "a presentence motion to withdraw a guilty plea should be freely and liberally granted." *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). "A

defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. A trial court must conduct a hearing to determine whether there is a reasonable legitimate basis for the withdrawal of the plea." *Id.* at paragraph one of the syllabus.

**{¶29}** The decision to grant or deny a presentence motion to withdraw is within the trial court's discretion. *Id.* at paragraph two of the syllabus. Absent an abuse of discretion, the trial court's decision must be affirmed. *Id.* at 527. An abuse of discretion requires a finding that the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

> A trial court does not abuse its discretion in denying a motion to withdraw the plea where a defendant was (1) represented by competent counsel, (2) given a full Crim.R. 11 hearing before he entered a plea, (3) given a complete hearing on the motion to withdraw, and (4) the record reflects that the court gave full and fair consideration to the plea withdrawal request.

*State v. Elliot*, 8th Dist. Cuyahoga No. 103472, 2016-Ohio-2637, ¶ 19, citing *State v. Peterseim,* 68 Ohio App.2d 211, 428 N.E.2d 863 (8th Dist.1980), paragraph three of the syllabus. Additionally, "this court has also set forth additional factors to consider, including whether (5) the motion was made in a reasonable time, (6) the motion states specific reasons for withdrawal, (7) the accused understood the nature of the charges and the possible penalties, and (8) the accused was perhaps not guilty or had a complete defense." *State v. King,* 8th Dist. Cuyahoga No. 106709, 2018-Ohio-4780, ¶ 14.

**{¶30}** To the extent that appellant argues that the trial court did not conduct a complete hearing on appellant's motion to withdraw his plea, we disagree. This court has previously held that a trial court's failure to hold a hearing on an appellant's written motion to withdraw a guilty plea was not an abuse of discretion. *State v. Brantley,* 8th Dist. Cuyahoga No. 94508, 2010-Ohio-5760. In *Brantley*, this court found that because Brantley "did not make a

meritorious argument that would, if found to be true, entitle him to relief," the trial court did not abuse it's discretion in failing to hold a hearing on Brantley's motion to withdraw his plea. *Id*. at ¶ 18.

{¶31} In the instant matter, we find that the trial court did hold a hearing regarding appellant's motion to withdraw his guilty plea. We note the following exchange at the sentencing hearing:

> [Appellant's counsel]: I was informed on my way in, my client just confirmed it, that he would like me to move to withdraw his plea and set this for trial.
>
> THE COURT: On what basis?
>
> [Appellant's counsel]: [Appellant] has indicated that he did not in fact know what he has pled to, so that he'd rather take his chances at trial.
>
> THE COURT: Well, obviously the timing of your oral motion is a little late. Normally I would have taken the opportunity to cause a transcript to be prepared of the plea to make certain that the plea that he did enter was knowingly, voluntarily, and intelligently made. I do know my own specific recollection of this case is that we have been in court on a number of occasions with [appellant], and I've had a number of personal conversations with him at various points in time, and so I'm quite comfortable as I sit here today that his plea was made knowing, voluntary, and intelligent, and so I'm going to deny your motion at this point in time.

(Tr. 153-154.) Considering these remarks made by the trial court, we disagree with appellant that the trial court did not hold a hearing. The above exchange demonstrates that the trial court gave full and fair consideration to the motion. *Elliot* at ¶ 19. The trial court was fully aware of the specific reasons for appellant's request to withdraw his plea, and the trial court had taken the proper steps to rectify any issues.

{¶32} We find that appellant was represented by competent counsel and he was given a full Crim.R. 11 hearing before he entered his plea. Lastly, in considering the additional factors as set forth by this court, we find that all of these factors weigh against appellant. Immediately

prior to the imposition of the sentence, appellant orally moved to withdraw his guilty plea, and provided vague reasons for the withdrawal. Thus, appellant's motion was not timely filed, and he failed to present specific reasons based upon which he sought to withdraw his plea.

{¶33} Thus, in our review of the record, we cannot find that the trial court abused its discretion in denying appellant's oral motion to withdraw his plea.

{¶34} Accordingly, appellant's third assignment of error is overruled.

### D. Ineffective Assistance of Counsel

{¶35} In his fourth assignment of error, appellant argues that he was denied his constitutional right to the effective assistance of counsel.

{¶36} To establish a claim of ineffective assistance of counsel, a defendant must demonstrate that (1) his counsel was deficient in some aspect of his representation, and (2) there is a reasonable probability that, were it not for counsel's errors, the result of the trial court proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

{¶37} However, because appellant pled guilty in the instant matter, he has waived

all appealable issues, including the right to assert an ineffective assistance of counsel claim, except the defendant may claim ineffective assistance of counsel on the basis that the counsel's deficient performance caused the plea to be less than knowing, intelligent, and voluntary. *State v. Williams*, 8th Dist. Cuyahoga No. 100459, 2014-Ohio-3415, ¶ 11, citing *State v. Spates*, 64 Ohio St.3d 269, 272, 595 N.E.2d 351 (1992), citing *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). In such a case, a defendant can prevail only by demonstrating that there is a reasonable probability that, but for counsel's deficient performance, he would not have pleaded guilty and would have insisted on going to trial. *Williams* at ¶ 11, citing *State v. Xie*, 62 Ohio St.3d 521, 524, 584 N.E.2d 715 (1992); *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). The prejudice inquiry in the context of a guilty plea requires a "nuanced analysis of all of the factors surrounding the plea decision," including the benefits associated with a plea, the possible punishments involved, the weight of the evidence against the defendant and any other special circumstances that

might support or rebut a defendant's claim that he would have taken his chances at trial. *State v. Ayesta*, 8th Dist. Cuyahoga No. 101383, 2015-Ohio-600, ¶ 16.

*State v. Mays,* 8th Dist. Cuyahoga No. 103785, 2016-Ohio-7481, ¶ 26.

{¶38} Appellant argues that his counsel's representation was deficient because his counsel "failed to remove himself as counsel once his other client, Gillespie, came forward as an informant against [appellant]." Appellant's brief at 17. This is a grossly inaccurate categorization of the facts. Gillespie was in no way an informant, and Gillespie was in no way appellant's counsel's client.

{¶39} In our review of the record, we cannot find that appellant's counsel representation was in any way deficient or fell below an objective standard of reasonableness. Indeed, appellant's counsel successfully negotiated a plea deal which eliminated a possible life sentence. As originally charged in the indictment, appellant was facing a possibility of a prison sentence on Count 1 alone of 25 years to life. Furthermore, considering that the trial court had discretion to impose consecutive sentences on all eight counts, appellant could have been sentenced to a prison term of 54 years to life. By successfully negotiating the plea deal, appellant's counsel eliminated the risk of receiving a substantially longer sentence, indeed a possible life sentence, in the event that he was convicted at trial. *Mays* at ¶ 31.

{¶40} Accordingly, appellant's fourth assignment of error is overruled.

### III. Conclusion

{¶41} The trial court obtained a voluntary, intelligent, and knowing waiver of the potential conflict of interest regarding appellant's counsel's representation. Moreover, we find that the trial court thoroughly explained and alerted appellant to the possible consequences of the potential conflict. Based on our finding that no conflict of interest existed, appellant's plea was

knowingly, intelligently, and voluntarily entered. Further, the trial court did not abuse its discretion in denying appellant's oral motion to withdraw his plea. Lastly, appellant's counsel's performance was not deficient because his counsel successfully obtained a favorable plea bargain.

{¶42} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

STEPHEN A. YARBROUGH, J.,* CONCURS;
MARY J. BOYLE, P.J., CONCURS IN JUDGMENT ONLY

* (Sitting by Assignment: Retired Judge Stephen A. Yarbrough of the Sixth District Court of Appeals.)